Chicago Title and Trust Company, Appellant, v. Otto
C. Braese et al. David G. Falk et al., Appellees.

Gen. No. 39,991.

 Heard in the first division of this court for the first district at the February term, 1938. Opinion filed October 31, 1938.

SHULMAN, SHULMAN & ABRAMS and A. EDMUND PETERSON, both of Chicago, for appellant; MEYER ABRAMS, of counsel.

FOSTER SCHLUTZ, of Chicago, for certain appellees; MAURICE L. DAVIS, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The Chicago Title and Trust Company, a corporation, as trustee in a trust deed given to secure an indebtedness of $60,000, filed its bill of foreclosure. Afterward, on December 22, 1933, a decree of foreclosure was entered which provided that if the indebtedness found due was not paid within five days the property be sold. So far as the record before us discloses, nothing further was done until December 16, 1936, when the master in chancery filed his report of sale, in which he stated that pursuant to the decree entered December 22, 1933, he advertised the property for sale on November 6, 1936, at one o'clock in the afternoon; that at the time and place designated he offered the property for sale, whereupon "Leonard F. McGee, as Nominee of the Bondholder's Committee," bid $21,000 and that he sold the property to McGee, but that McGee did not produce any money or any bonds in foreclosure. December 16 the court entered an order which recites the coming on to be heard of the master's report of sale, and it was ordered that the sale be held for naught and that the master readvertise and sell the property in accordance with the decree.

October 21, 1937, the master filed his report of sale, setting up that pursuant to the decree he had offered

the property for sale at one o'clock on the afternoon of October 8, 1937, and received the following bids: From S. F. Gelbort $10,500; Louis Steinbrecher $11,000; Nathan Schwartz 12,000; S. F. Gelbort $12,500; Leonard F. McGee, $13,000; Louis Steinbrecher $24,000; that Louis Steinbrecher had not made good either of his bids—had not deposited any money with the master; that S. F. Gelbort did deposit with the master, at the time and place of the sale, the full amount of her bid—$12,500. The report continued that the master had reported all the bids made, and asked for "the direction of the court relative to the acceptance or non-acceptance of said bids, or any of them." October 20, the day before the report was filed, counsel for Gelbort served notice on all parties, including the solicitors for complainant, that on the next day he would appear in court and present the report of the master and "ask that the court direct the master in chancery to issue his certificate of sale to S. F. Gelbort, purchaser at the said sale, and to approve the sale of the real estate involved in this proceeding, to S. F. Gelbort." Pursuant to notice, the report was filed on October 21 and on the same day the court entered an order reciting that the matter came on for hearing upon the master's report of sale and upon the motion of S. F. Gelbort, bidder at the sale held by the master October 8, and that due notice had been given to all parties in interest. The court found that the master had given notice of the holding of the sale in conformity with the provisions of the decree and of the statute; that the master had attended the sale at the time and place mentioned in the notice and had received the bids above stated, except that it was found by the order that $24,000 "was bid by Leonard F. McGee in the name of Louis Steinbrecher," but that no part of either of said bids of $13,000 or $24,000 was paid at the time of the sale or at any time thereafter; that S. F. Gelbort,

at the time of the sale, when it was ascertained that McGee had not made good either of his two bids by depositing moneys with the master, "immediately asked that the bid of S. F. Gelbort be accepted, and thereupon paid $12,500" to the master, being the full amount of her bid. The court further found, "That the said proceedings by said master in chancery were and constituted a sale of said real estate of S. F. Gelbort, at the price of $12,500," and it was ordered that the master forthwith execute and deliver to Gelbort a certificate of sale as required by the decree and by law, and file a duplicate of the certificate with the Registrar of Titles; and it was further decreed that the sale of the real estate by the master to Gelbort for $12,500 "be and the same is hereby approved and confirmed."

November 22 counsel for David G. Falk, who is described as "petitioner," served notice on all parties, including solicitors of complainant, that on November 22 he would present his petition and ask for an order in accordance with the prayer of it. November 22 the verified petition was filed by Falk and sets up that he is the present legal owner of the fee simple title to the real estate in foreclosure; that October 8, 1937, the master in chancery sold the property to him, and that such sale was afterward approved by the court; that after the approval of the sale Falk redeemed from the sale and filed the necessary documents with the registrar of titles of Cook county; that the real estate was in the possession of McCarthy, a receiver appointed in the foreclosure suit; that the receiver had certain rentals he had collected from the premises; that if the receiver were to continue until the period of redemption expired, viz., January 8, 1939, the net income realized from the premises available for distribution to the complainant, for the benefit of the bondholders secured by the trust deed, would not exceed $1,200, which sum Falk offered to pay into court in order to obtain pos-

session of the premises at once, and that the $1,200 would be applied on account of the deficiency decree in full satisfaction of the lien on the rents on account of such deficiency; that it would be desirable to pay the $1,200 to the master at once so that it might be distributed to the parties entitled to it; and the prayer was that upon payment by Falk to the master of $1,200, the lien of the deficiency decree on the rents be satisfied and that the receiver be directed to forthwith surrender possession to Falk.

Next appears in the record before us an order entered December 3, 1937, which recites that upon the consideration of Falk's verified petition, on due notice to all parties in interest, (setting up the facts as alleged in the petition—that Falk had redeemed the property from the foreclosure sale, etc.) the court found that Falk should pay $2,000 into court to be applied on the deficiency decree, that this amount was fair and reasonable, and that upon payment of the amount the lien of the deficiency be satisfied. And the order finds that thereupon Falk paid the $2,000 to the master, who was directed to distribute it and apply it toward the payment of the deficiency decree; that the receiver surrender possession at once to Falk and that the receiver forthwith assign and deliver to Falk all the unexpired policies of insurance covering the property. Written on the bottom of this order appears the following: "To the entry of the foregoing order the complainant C. T. & T. Co. as trustee objected in open court and said objection is overruled."

Next appearing in the record filed by complainant in this court is the notice of appeal filed December 23 by the Chicago Title and Trust Company by its solicitors, giving notice that it is appealing from the order approving the master's report of sale entered October 21, 1937, and the order of December 3 whereby the pos-

session of the premises was delivered to Falk. That record was filed January 11, 1938, in the office of the clerk of this court. Afterward, on March 17, 1938, the other side filed an additional record from which it appears that November 22, 1937, the following order was entered: "Upon a consideration of the verified petition of David G. Falk, this day presented herein on due notice to all parties entitled thereto, It Is Ordered that leave be given to file said petition, and that the hearing thereon be continued to December 3, 1937, at 10:00 A. M."

In the additional record there is also an order entered December 14 in which it is recited that the cause came on to be heard upon the motion of McCarthy, the receiver, for the approval of his Third Current Report and Account, and upon motion of solicitor for complainant it was ordered that the receiver be given leave to file his report instanter, and it was further ordered that all parties be given two days within which to file objections to the receiver's report, and that the hearing of the objections be set for December 17 without further notice. The additional record shows that on December 17 complainant filed its objections to the receiver's report. The objections were: "1. That pursuant to the decree of foreclosure and sale theretofore entered herein the premises therein described were sold on October 8, 1937, to one S. F. Gelbort" for $12,500; that subsequently an order was entered "approving the said sale for said amount" and decreeing a deficiency in excess of $62,000 in favor of complainant for the use and benefit of the holders of the unpaid bonds; that thereafter Falk, who was the owner of the equity of redemption, redeemed from the sale. 2. That on December 3, 1937, an order was entered directing the receiver to surrender possession to Falk and that he file his final account within 20 days and pay all

funds in his hands to the master in chancery for distribution; that the order provided that Falk pay $2,000 which would be applied on the deficiency decree, and the premises released from the lien of such deficiency. 3. That in the receiver's final account there was an item of disbursement of $801.81 in payment of insurance premiums; $315.90 expended July, 1937, and $485.91 expended during September, 1937; that the receiver's report also showed an item of expenditure in October, 1937, of $383 for repair of the boiler in the premises, and that the court should equitably prorate these items between the owner of the deficiency decree and Falk, and the objections concluded, "WHEREFORE, this complainant objects to the allowance in full of the items hereinabove referred to . . . and prays that an order be entered herein directing a just and equitable proration of said items as between" complainant, as owner of the deficiency decree, and Falk, and that Falk be directed to reimburse the receivership estate after such prorating had been made.

Complainant contends that the record discloses the master made no sale of the property, as appears from his report which showed that he had received certain bids and asked for instructions. We think this contention is hypercritical and, moreover, that complainant is in no position to urge it in this court. The master had advertised the sale and received a bid of $21,000 from Leonard F. McGee, who failed to pay any money. The master reported the proceedings to the court and the chancellor held the sale was a nullity and ordered the master to readvertise and sell the property. This was done and the master reported the several bids, as above stated. At that time McGee again bid $13,000 and made another bid of $24,000 in the name of Louis Steinbrecher, but again he failed to put up any money with the master, and thereupon, at the time and place

of the sale, S. F. Gelbort, who was the next highest bidder, made good her bid by depositing the $12,500 with the master. The master reported this to the court and the court found the sale was made to Gelbort for $12,500 and it was confirmed. It would have been an idle ceremony for the chancellor, upon receiving the master's second report, to have ordered him to go through the formality of accepting the bid and then confirming the sale to Gelbort for $12,500. The master had already received that amount of money from Gelbort in satisfaction of her bid. The law never requires the doing of a useless act. Moreover, counsel for complainant had been served with notice in all these proceedings and no objections seem to have been made by him. Nor was any objection made when Falk filed his verified petition in which he says the property was sold to him by the master. Just why this allegation was made was not explained. The sale was made to Gelbort. But the point is immaterial. Afterward the receiver filed his third and final account, which does not appear in the record, to which the complainant, by its solicitors, filed objections, which we have above noted. These objections were not in the record filed by complainant here, and apparently counsel for complainant sought to avoid the effect of them by not bringing them to our attention. But, as stated, they were supplied by the other side. In the objections filed by complainant, through its counsel, one recites that the property had been sold on October 8 to Gelbort for $12,500 and that the sale had been approved by the court. And the only objection to the report was the prorating of certain items of expenditure. In these circumstances, complainant by its counsel will not be permitted to stultify itself and now contend in this court, for the first time, that there was no sale by the master.

Nor, in view of the record, is there any merit in the further contentions made by counsel for complainant that the notice of the sale given by the master violated the terms of the decree, or that the court erred in discharging the lien of the deficiency by the payment of $2,000 by Falk. From what we have said it is obvious that complainant is in no position to urge here, for the first time, that the master did not give a proper notice, as required by the foreclosure decree. Nor is there any merit in the contention that the court should have heard evidence as to the reasonable amount of rental that might be expected to have been received during the period of redemption. Falk's petition was verified; it set up that $1,200 would be all that might be expected to be realized by the receiver during such period. Notice was served on all parties and no objection appears to have been made and no answer was filed by complainant to the petition. The court required Falk to pay $2,000. We think this was sufficient to warrant the court in entering the order requiring the receiver to surrender possession of the premises, the $2,000 having been paid by the owner of the equity to the receiver.

The orders of the superior court of Cook county are affirmed.

*Orders affirmed.*

McSurely, P. J., and Matchett, J., concur.