Chicago Title and Trust Company, Trustee, Appellee,
v. Jacob Tay et al., Defendants. Lois Levine,
Appellant. Joseph Springer, Appellee.

Gen. No. 41,240.

DENIS E. SULLIVAN, J., dissenting.

Opinion
filed November 20, 1940.

RUBENSTEIN & RUBENSTEIN, of Chicago, for appellant.

MAURICE H. KAMM, of Chicago, for appellee; HAROLD
J. KAMM, of Chicago, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

The action in this case was instituted by the Chicago Title and Trust Company, a corporation, as trustee, against Jacob Tay, et al., defendants, to foreclose the lien of a first trust deed, wherein a decree of foreclosure was entered by the court and a sale of the premises in question was had, and the master's report of sale was approved by the court. In this proceeding, the intervenor, Lois Levine, was the holder of a junior mortgage on the premises in question, and filed a petition praying that the order approving the master's report of sale be vacated and set aside, for the reason that the master had failed to republish notice of the adjourned sale and otherwise to comply with the decree. Joseph Springer, as assignee of the certificate of sale in this matter, moved to strike the petition, and in support of said motion cited authorities holding that under the decree of foreclosure the master had a right to hold an adjourned sale without republishing and that a mere delay in presenting the master's report of sale constituted no valid objection. The trial court entered an order sustaining the motion to strike and denying the relief prayed for in the petition, and as we have indicated it is from this order that Lois Levine appealed.

The facts, from the briefs of the parties in question, do not appear to be in dispute and from the facts as they are called to our attention, it appears that the Chicago Title and Trust Company instituted proceedings to foreclose the lien of a first trust deed, and upon a hearing a decree of foreclosure and sale was had and the report of sale of the master in chancery was approved. The premises in question were sold by Gerald R. Gorman, the master in chancery, designated under the decree to execute same, to one, Herman Neer. The master filed a report of sale stating that he advertised the premises for sale on Monday, November 14, 1938,

as required by the decree, that he attended the sale and there being no bid for the premises he adjourned the sale to November 23, 1938, at 1:00 o'clock p. m.; that on said last date he sold the premises to Herman Neer-for the sum of $2,000, said bid being the highest bid. The master's report of sale was confirmed and he issued a certificate of sale to Herman Neer who thereafter assigned same to Joseph Springer. Thereafter, Lois Levine filed a petition stating that she was the holder of a junior mortgage on the premises and praying that the order approving the master report of sale be vacated and set aside, contending that the master had failed to republish notice of the adjourned sale, that therefore the sale was void, and asserting also that the delay in presenting the master's report of sale had impaired her rights of redemption. Springer, as holder of the certificate filed a motion to strike the petition, and as we have indicated stated his grounds in support of said motion, and the court upon consideration of the subject matter presented entered an order sustaining the motion to strike and denying the relief prayed for in the petition of Lois Levine.

The following provision relative to the form of notice of sale appears in the decree of foreclosure and sale entered on March 23, 1936;

"*Thirty-second:* That Gerald R. Gorman, Master in Chancery execute this decree; that he give public notice of the time, place and terms of said sale by publishing the same at least once in each week for three (3) successive weeks in the Chicago Daily Law Bulletin, or in some other secular newspaper of general circulation, published in the County of Cook and State of Illinois (which newspaper shall have been regularly published for at least six (6) months prior to the first publication of said notice), the first publication of said notice to be at least twenty (20) days prior to the date of said sale; that the complainant or any of the parties to this cause or any bondholder or group of bond-

holders may become the purchaser or purchasers of said sale; that the said Master may in his discretion adjourn such sale so advertised without giving any further notice thereof other than oral proclamation of the time and place theretofore advertised at such sale": . . .

On October 17, 1939, about 11 months after said sale, plaintiff moved the court to approve the master's report of sale and on the same day, an order was entered approving and confirming the same. Subsequently, on October 25, 1939, Lois Levine, intervenor herein, filed her petition, as we have stated, and in support of her petition at the hearing thereof on November 10, 1939, offered to prove that on November 14, 1938, the date originally advertised by the master for the sale of said real estate, no oral proclamation was made by the master adjourning said sale to November 23, 1938. This offer of proof was denied by the court and the final order was entered denying the prayer of the petition of intervenor.

The intervening petitioner contends that the foreclosure decree in the case at bar directed the master to sell the real estate at public vendue to the highest and best bidder for cash, by publishing notice of the sale for three (3) successive weeks in a secular newspaper of general circulation, and that the said decree further provides that the master might in his discretion, adjourn such sale so advertised without giving any further notice thereof other than by oral proclamation of the time and place theretofore advertised at such sale. Intervening petitioner then points to the report of sale of the master in which he states that having received no bids for the premises, he thereupon adjourned said sale to Wednesday, November 23, 1938, and it is contended that he made no attempt to explain in said report when and how he adjourned said sale nor that said adjournment was pursuant to or in compliance with the provisions of the decree. The peti-

tioner does not question the power of the master to adjourn the sale, and as a matter of fact it is contended that he has that power without the express authority conferred upon him by the decree, but that when he does so he must give a new notice for the same length of time as required in the first instance.

However, when we consider the authorities given, it appears that the master in chancery, in making a sale pursuant to a decree of sale, need only follow the terms of the decree and give only such notice as is provided for by the decree.

The respondent, Joseph Springer, as assignee of Herman Neer, calls attention to the fact that the authorities distinguish between a sale made either pursuant to a power given under an instrument, a sale by virtue of the provisions of a statute, and a sale by a master in chancery made pursuant to the terms of a decree entered by a court of competent jurisdiction, and contends that sales pursuant to a power given in an instrument or provisions of a statute are strictly construed to require publication of notice preceding any sale or adjournment thereof, but a sale pursuant to a decree is construed to require that the master merely follow the terms of the decree relative to the manner and mode of holding the sale.

The intervening petitioner has cited in support of the position that the master did not comply with the provisions of the decree the case of *Thornton v. Boyden,* 31 Ill. 200, and it appears that the power of sale in the cited case was derived from the terms of the trust deed and since by the sale the equity owner and all other persons were deprived of redemption rights, the court strictly construed the trust deed to require a new notice for 30 days prior to any sale or an adjournment thereof. So it is to be observed that the power of sale there is granted by the trust deed itself, and is not a case wherein the decree of court provided the terms that the master in chancery was required to

follow. . Petitioner also cites the case of *Griffin v. Marine Co. of Chicago,* 52 Ill. 130, and in that case, the sale was by the mortgagee pursuant to provisions of the trust deed giving him a right to bid in the property free and clear of redemption rights, and the court followed the rule laid down in the *Thornton* case (*supra*) and construed the trust deed to require a new notice for the same length as required in the first instance. Also cited for the consideration of the court was the case of *Springer v. Law,* 185 Ill. 542. This case is cited by the respondent as having a bearing upon the case of a sale by a master in chancery pursuant to the terms of a foreclosure decree, and the court in that opinion said;

"The decree required the notice of sale to be published in a newspaper for three successive weeks, once in each week, and it was so published, the first publication being more than three weeks prior to the day fixed for the sale, but the appellant objected to the sale as illegal because written or printed notices were not posted as provided for in section 14 of chapter 77 of the Revised Statutes, and also because the notice did not state the amount of indebtedness to be realized from the sale. In *Crosby v. Kiest,* 135 Ill. 458, it was decided that the statute referred to does not apply to a sale under a decree by a master. The practice of giving notice equal to what the legislature has deemed necessary in sales on execution was recommended, but the power of a court of chancery to prescribe notice without complying with such conditions was recognized, provided the notice is reasonable."

As we have already indicated, the decree authorized the master to adjourn his sale from time to time after there had once been an advertisement for sale, "without giving any further notice thereof other than oral proclamation of the time and place theretofore advertised at such sale." The master was required merely to follow this provision of the decree and did

so. See, also, the case of *Chicago Title & Trust Co. v. Braese,* 297 Ill. App. 202.

The petitioner further contends that, granting that the master had the power under the decree to adjourn the sale without further notice, "It does not appear from the record that the master actually complied with the decree, because the master's report in so many words does not state that he made oral proclamation of the adjournment." The petitioner contends that an examination of the record fails to disclose that the master has complied with the decree with respect to making an oral proclamation of the time and place and hour to which the sale had been adjourned. From the master's report of sale, the petitioner quotes as follows:

"At the time and place so designated for said sale, I attended to make the same and offered said premises for sale at public vendue for cash to the highest and best bidder. I first offered for sale in separate tracts, lots and parcels less than the whole, and received no bid for any tract, lot or parcel of combination of tracts, lots and parcels. I then offered the entire premises for sale, and there being no bid therefor, I thereupon adjourned said sale to Wednesday, November 23rd, A. D. 1938, at the hour of One o'clock in the afternoon (Central Standard Time), at said Room 337. . . ." The criticism made by the petitioner is that the master merely says "there being no bid therefor, I thereupon adjourned said sale to November 23, 1938," and petitioner sought to offer proof that no oral proclamation was made by the master adjourning the sale, and that the master's report on its face does not establish compliance with the decree.

It is to be noted that at the time when this report of sale was approved that the intervenor did not offer any objection, in fact filed no objections to the master's report, and only for the first time raised any objections after the sale was confirmed. The petitioner now

seeks to take advantage at a subsequent time by filing this petition on the grounds that the notice of adjournment of the sale was not a proper one, although it appears from the report of the master that was approved that because no bid was offered it was adjourned to the 23rd day of November, 1938, in the afternoon at 1 p. m. Having offered the premises for sale, there being no bid, he, therefore, in the presence of those present adjourned the sale to the new date and it must have been made by his declaration that no bid being received, the sale under the decree must be adjourned. The record discloses that notice of the adjourned sale was sent to all attorneys of record, and finally, that a further written notice was served upon the parties that the master would present to the court for its approval the report of sale, and at that time, as we have indicated, no objection was made, nor until afterwards when this petition was filed on the ground that proper notice was not given after the sale was continued to a new date.

It seems to be reasonable in considering the questions that were called to the attention of this court, that the chancellor was vested with a broad discretion in passing upon the acts of the master in approving the sale and such discretion, unless abused, will not be interfered with by a court of review. After considering the facts as we have them before us, we are inclined to agree that the chancellor did not abuse his discretion in approving the sale, and for that reason we are inclined to agree with chancellor and that under the authorities cited, it was proper to affirm the sale.

There is still another question and that is the objection that was made by petitioner to the sale that the master accepted from the bidder $500 in cash to apply on account of the purchase price of $2,000, and made his report to that effect, adding that the purchaser "stands ready, willing and able to pay the balance upon confirmation of the sale," the contention being

that since the decree provided that the master sell the premises to the highest and best bidder for cash, the decree was not complied with. It is called to our attention that this objection of the petitioner was not raised in her petition before the lower court, and is here for the first time sought to be asserted. The petitioner cannot in this court for the first time raise this question, for it is the settled rule that a party will not be permitted to ask this court to pass upon questions that were not called to the attention of the chancellor at the time the matter was before him. Not having raised the question, as suggested, before the lower court, this court will not consider the question.

For the reasons stated, the order of the chancellor in affirming the master's report of sale was proper, and is, therefore, affirmed.

*Affirmed.*

BURKE, J., concurs.

MR. JUSTICE DENIS E. SULLIVAN, dissenting: I cannot agree with the majority opinion as I do not think this court should approve the action of the master in certifying that the purchaser "stands ready, willing and able to pay the balance upon confirmation of the sale." In this case the financial standing of the purchaser was not a matter which should have been submitted to the master for decision.