No. 2704.—J. I. DAIGLE *v.* T. W. BIRD.—S. P. GREVES, Garnishee.

An attorney at law having possession of assets of the seized debtor, is not excused from answering interrogatories by the seizing creditor, and if the answers are traversed by the attaching creditor, an appeal will lie from the judgment given on the testimony offered to show their incorrectness.

A garnishee is only liable to the attaching creditor for the amount of his indebtedness or the amount of the assets in his hands belonging to the seized debtor.

An attorney at law having claims in his hands for collection is entitled to an allowance for his fees for collection in case they have been garnisheed in his hands.

APPEAL from District Court, parish of East Baton Rouge. *Posey,* J. *Barrow & Pope,* and *Fuqua & Calliham,* for plaintiff and appellee. *Samuel P. Greves* and *A. S. Herron,* for garnishee, appellant.

HOWE, J. The motion to dismiss in this case, on the ground that the garnishee, appellant, has no interest or right to appeal, must be

overruled. Whatever may be the rule in a case where the judgment has been rendered upon the answers of the garnishee, considered as a confession of judgment—in this case, where the answers were sought to be disproved, and judgment rendered upon the evidence thus solicited, we think the right to appeal is plain.

Upon the merits, this action is similar in many respects to that of White v. The Same, 20 An. 188. The objection of the garnishee that he is the attorney at law of the judgment debtor, was, therefore, properly disregarded by the court a qua. Nor was there any force in his objection that no notice of seizure of assets in his hands had been given to the defendant, Bird. Hanna v. Bry, 5 An. 656; Walker v. Creevy, 6 An. 535; St. Romes v. Levee Press, 21 An. 291.

The plaintiff, appellee, has asked in this court that the judgment be amended by making it absolute against the garnishee for the amount of the claim against Bird, and by disallowing the claim of garnishee, which was recognized by the court below, for a fee in collecting the money decreed to belong to Bird. The Code of Practice, art. 264, does not seem to authorize us to grant the first of these demands; and we are not prepared to say that the allowance of the fee was erroneous.

It is therefore ordered that the judgment appealed from be affirmed, with costs.