## WARREN SPRINGER

*v.*

## ROBERT LAW *et al.*

*Opinion filed April 17, 1900—Rehearing denied June 8, 1900.*

1. JUDICIAL SALES—*what not ground for refusing confirmation of foreclosure sale.* That no personal notice of a foreclosure sale was given the mortgagor, in accordance with an alleged promise of the master in chancery, and that the property sold for an inadequate price, are not grounds for refusing to confirm the sale, since the mortgagor's right of redemption gives him the same benefit as if he had been present at the sale and bid in the property at its full value.

2. SAME—*it is not necessary that written or printed notices of master's sale be posted.* Section 14 of the act on judgments and executions, (Rev. Stat. 1874, p. 623,) requiring written or printed notices of an execution sale to be posted, does not apply to a sale by the master in chancery under a decree, since a court of chancery may provide

for notice without complying with such conditions, provided such notice is reasonable.

3. SAME—*published notice of foreclosure sale by master need not state the amount to be realized.* A published notice of a foreclosure sale by a master in chancery is sufficient which gives the title of the cause and the date of the decree, and states that the sale will be made in pursuance of that decree, which latter showed the amount due.

4. SAME—*original foreclosure decree need not provide for deficiency decree.* Under section 16 of the Mortgage act a personal deficiency decree may be rendered conditionally at the time of decreeing foreclosure, or absolutely after sale and ascertainment of balance.

*Springer* v. *Law*, 84 Ill. App. 623, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

W. N. GEMMILL, for appellant.

QUIGG & BENTLEY, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant filed objections to a master's report of a sale made February 4, 1898, by virtue of a decree foreclosing a trust deed made by appellant and his wife. The objections were overruled and the sale confirmed, and a personal decree against appellant for a deficiency was entered. The Appellate Court affirmed the order and decree.

The first objection to the sale was that no notice thereof had been given to or received by appellant, so that he had no opportunity to be present and bid on the premises or secure some person to bid. There was no provision of the decree requiring such personal notice, and there is no requirement of that kind in the law. Appellant, however, claimed that there was an understanding that he should have such notice, and filed the

affidavit of his solicitor that he was led by the master to believe that such notice would be given, and also affidavits of the appellant and others that the property was worth more than the amount for which it was sold. The affidavit of the solicitor did not show what statement or conduct of the master led him to such a belief, and was too indefinite to establish a promise on the part of the master or a reasonable belief induced by anything that the master did or said. The mere inadequacy of price shown by the other affidavits was not sufficient to refuse confirmation of the sale, since appellant had a right of redemption and could have the same benefit by the redemption of the property as if it had sold for its full value. For the same reason he suffered no injury through want of personal notice. He knew of the sale February 7, 1898,—three days after it was made. He could then redeem and realize the full value of the property. On that day the master told appellant's solicitor that it was his universal practice to send notice of sales to the parties, but that his clerk made a mistake in this case. If he had attended the sale and could have bid, as he insists he wanted to, he would have had to pay more for the property than what it was sold for, and pay it in cash. We cannot see that he was harmed in any way by want of personal notice or inadequacy of price.

The decree required the notice of sale to be published in a newspaper for three successive weeks, once in each week, and it was so published, the first publication being more than three weeks prior to the day fixed for the sale, but the appellant objected to the sale as illegal because written or printed notices were not posted as provided for in section 14 of chapter 77 of the Revised Statutes, and also because the notice did not state the amount of indebtedness to be realized from the sale. In *Crosby* v. *Kiest*, 135 Ill. 458, it was decided that the statute referred to does not apply to a sale under a decree by a master. The practice of giving notice equal to what the legis-

lature has deemed necessary in sales on execution was recommended, but the power of a court of chancery to prescribe notice without complying with such conditions was recognized, provided the notice is reasonable. In that case it was thought that such a notice as this was not unreasonable. It was therefore sufficient. The notice gave the title of the cause and the date of the decree, which showed the amount of the indebtedness, and stated that the sale would be made in pursuance of that decree. All the necessary information on that point was furnished by the notice, and we regard it as sufficient without specifying the amount to be made by the sale.

The sale was made for $33,000, and after applying the proceeds there was a deficiency of $3877 reported by the master. For this amount the court entered a personal decree against appellant. It is not contended that he was not liable personally for the debt, but the personal decree is objected to because the original decree did not provide for such personal liability or personal decree in case of a deficiency. Section 16 of chapter 95 of the Revised Statutes provides that such a decree may either be rendered conditionally at the time of decreeing the foreclosure, or absolutely after the sale and ascertainment of the balance due. The method adopted here is expressly authorized by the statute. If the decree for the deficiency had been provided for in the decree foreclosing the mortgage it would have amounted to nothing more than a formal finding that the complainant would be entitled to a decree in the event that the property should not sell for sufficient to pay the debt.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*