PISTCHAL v. DURANT. (Nos. 7434, 7435.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

TRUSTS ⬅️151—CREDITORS OF CESTUI QUE TRUST—GARNISHMENT—NOTICE—ORDER.

Since Code Civ. Proc. § 1391, dispenses with the necessity of notice to the debtor cestui que trust in garnishment, but not to the trustee, an order for execution against the garnishee, granted without notice to the trustee, must be vacated.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 195, 195½, 197; Dec. Dig. ⬅️151.]

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Action by Henry Pistchal against Janet L. Durant. From an order refusing to vacate the garnishee order, and an order directing a trustee to pay over to the sheriff the income from a trust fund, defendant appeals. Order denying defendant's motion reversed, and motion granted; order directing trustee to pay over income reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Warren McConihe, of New York City, for appellant.

Max Perlman, of New York City, for respondent.

SCOTT, J. On January 15, 1911, plaintiff recovered a judgment against the defendant for the sum of $219.83. After the return of an execution unsatisfied, and an examination in proceedings supplementary to execution, plaintiff obtained on September 6, 1911, an order for an execution to be issued against the income of a trust fund of which defendant was one of the cestuis que trust. This order was obtained ex parte, without notice either to the defendant or the trustee. Under an arrangement with the sheriff the trustee has retained in his hands 10 per cent. of the income derived from the fund, and now holds more than sufficient to pay plaintiff's judgment.

The first order appealed from denied plaintiff's motion that the garnishee order of September 6, 1911, be vacated, or in the alternative that it be modified, so as to be applicable to only one-quarter of the income from the trust fund. The second order directed the trustee to pay plaintiff, out of the accumulated income, the amount of the judgment, with interest, poundage, etc.

The fund, the income of which is sought to be reached, was created as follows: On July 18, 1895, defendant and her husband, W. West Durant, entered into an agreement with reference to a steam yacht Utowanna, upon which he had executed a mortgage for $55,000. By this agreement it was provided that the income from that sum should be "used toward the support and maintenance" of defendant and her children (three in number), and that in the event of a separation or divorce between the parties such income should continue to be used, and should be applied and should be considered as a part of whatever alimony or allowance might be given to the defendant.

On October 3, 1897, a supplementary agreement was made between West Durant, defendant, and the Continental Trust Company. The steam yacht had been sold and the mortgage satisfied. Under this agreement, in order to carry out the provisions and stipulations of the former agreement, the sum of $55,000 was paid to the trustee, upon a trust to pay over the net income to defendant "in accordance with the terms of the prior agreement," and upon the further trust, at the death of defendant, to divide the principal among the children. The original agreement was annexed to, and by reference was made a part of, this supplementary agreement.

There was a second agreement, dated February 1, 1898, between the same parties, under which West Durant agreed to pay (and subse-

quently did pay) $20,000 to the trustee for the support and mainte-
nance of defendant and her children, who he agreed should thereafter
reside with and remain in and under the custody and control of de-
fendant. There was a provision that, when any child became 21 years
of age, it might be paid, upon its application, one share of the income,
the whole fund to be divided between the children at the death of de-
fendant.

On September 26, 1909, Edward Chase Crowley was substituted as
trustee. Of the $75,000 deposited with the trustee, $20,000 has been
paid by order of the court for the benefit of the children. It does
not appear that this was specially taken out of either fund. In 1898
defendant was divorced from her husband. The decree is not printed,
and there is nothing to show what provision, if any, was made as to
alimony.

The garnishee order should have been vacated, as having been grant-
ed without notice to the trustee. King v. Irving, 103 App. Div. 420,
92 N. Y. Supp. 1094. Section 1391, Code Civ. Proc., as now amended,
dispenses with the necessity of notice to the debtor, but not to the
trustee. Furthermore, in any event no more than one-quarter of the
income, which is now $2,800 per annum, should have been garnisheed.

The order denying defendant's motion must be reversed, with $10
costs and disbursements, and the motion granted. The order directing
the trustee to pay over a part of the accumulated income to the sheriff
must be reversed, with $10 costs and disbursements, and the motion
denied. All concur.