ENDICOTT JOHNSON CORPORATION *v.* ENCYCLOPEDIA PRESS, INC.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 41. Submitted October 7, 1924.—Decided November 17, 1924.

1. Due process of law does not require that a judgment debtor, who had his day in court before the judgment was rendered, shall be given additional notice and opportunity to be heard before issuance of a garnishment to satisfy the judgment. P. 288.

2. A statute (N. Y. Code Civ. Proc., § 1391,) providing for an execution which, when served on the employer of a judgment debtor, becomes a lien and continuing levy on a percentage of future wages of the latter, requiring the former to pay them to the officer as they become due or be liable to an action therefor by the judgment creditor in which the recovery shall be applied upon the execution, does not deprive the garnishee or the judgment debtor of property without due process of law by interference with their liberty of contract. P. 290.

3. Nor does such procedure impair any substantial constitutional right of the garnishee because it entails additional expense of bookkeeping. *Id.*

4. The contention that such a statute is void because contrary to public policy does not present a federal question. *Id.*

200 App. Div. 847; 234 N. Y. 627, affirmed.

ERROR to a judgment of the Supreme Court of New York, entered on remittitur from the Court of Appeals, affirming a judgment against a garnishee.

*Mr. Maurice E. Page* for plaintiff in error.

*Mr. Thomas B. Merchant* for defendant in error.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case involves the constitutional validity of § 1391 of the New York Code of Civil Procedure relating to the garnishment of wages and other choses in action of a judgment debtor.

This section of the Code, as amended by the Laws of 1919, c. 278,[1] provides that where a judgment has been recovered and an execution thereon returned unsatisfied, the judgment creditor may apply to the court without notice to the judgment debtor, and on satisfactory proof that any wages, debts, earnings, salary, income from trust funds or profits, are, or will thereafter become, due and owing to the judgment debtor, to the amount of twelve dollars or more per week, a judge or justice shall order that an execution issue against such wages, etc., of the judgment debtor. On presentation of such execution by the collecting officer to the person from whom such wages, etc., are or may become due and owing, the execution shall become a lien and continuing levy upon such wages, etc., to the amount specified in the execution, not exceeding ten per centum thereof, until the execution is fully satisfied. Any person to whom the execution is presented, who is or becomes indebted to the judgment debtor, shall, while the execution remains a lien upon the indebtedness, pay over to the officer the amount of the indebtedness prescribed

---

[1] After the institution of this suit this section of the Code was reënacted as § 684 of the Civil Practice Act. Laws of 1920, c. 925.

by the execution until it is wholly satisfied; and such payment shall be a bar to any action therefor by the judgment debtor.  If such person fails or refuses to pay over to the officer the percentage of such indebtedness, he shall be liable to an action therefor by the judgment creditor; and the amount recovered shall be applied towards the payment of the execution.  Either party may apply at any time for such modification of the execution as shall be deemed just.

The Encyclopedia Press, Inc., having duly recovered a judgment in the Supreme Court of New York against an employee of the Endicott Corporation receiving weekly wages of more than twelve dollars, was awarded, *ex parte,* under this section of the Code, an execution against his wages, directing the Corporation to pay over each week ten per centum thereof until the execution was satisfied. The Corporation failed and refused so to do, and continued to pay the employee his entire weekly wages as they became due.

The Encyclopedia Press thereupon brought suit in the Supreme Court against the Corporation, upon the execution, for the accumulated percentages of the weekly wages that it had not paid over.  Judgment was recovered; which, upon successive appeals, was affirmed, without opinions, by the Appellate Division and the Court of Appeals.  200 App. Div. 847; 234 N. Y. 627.[2]  The record was remitted to the Supreme Court, to which this writ of error was directed.

The Corporation contends that § 1391 of the Code is in conflict with the due process clause of the Fourteenth Amendment, in that it authorizes the issuance of a garnishment execution without notice to the judgment debtor or affording him a hearing, and, further, in that it inter-

---

[2] See the opinions of the Supreme Court and Appellate Division in an earlier case involving similar questions.  189 N. Y. Supp. 673; 199 App. Div. 194.

feres with the liberty of contract between the judgment
debtor and the garnishee.

1. We assume for present purposes that a garnishee
sued upon the execution has, by reason of the nature of
the cause of action and the liability which this section im-
poses upon him, the right to challenge its constitutionality
on the ground that it is wanting in due process as against
the judgment debtor. See *High* v. *Bank of Commerce*,
95 Cal. 386.

The words " due process of law," when applied to judi-
cial proceedings, " mean a course of legal proceedings ac-
cording to those rules and principles which have been
established in our systems of jurisprudence for the pro-
tection and enforcement of private rights." *Pennoyer* v.
*Neff*, 95 U. S. 714, 733; *Scott* v. *McNeal*, 154 U. S. 34,
46. They require a proceeding which, observing the gen-
eral rules thus established, follows forms of law appropri-
ate to the case and just to the parties to be affected; and
which, whenever it is necessary for the protection of the
parties, gives them an opportunity to be heard respecting
the justice of the judgment sought. *Hagar* v. *Reclama-
tion District*, 111 U. S. 701, 708. However, the estab-
lished rules of our system of jurisprudence do not require
that a defendant who has been granted an opportunity to
be heard and has had his day in court, should, after a
judgment has been rendered against him, have a further
notice and hearing before supplemental proceedings are
taken to reach his property in satisfaction of the judg-
ment. Thus, in the absence of a statutory requirement,
it is not essential that he be given notice before the is-
suance of an execution against his tangible property;
after the rendition of the judgment he must take "notice
of what will follow," no further notice being "necessary
to advance justice." *Ayres* v. *Campbell*, 9 Iowa, 213,
216; *Reid* v. *Railway Co.*, 32 Pa. St. 257, 258; *Foster* v.
*Young*, 172 Cal. 317, 322; *McAnaw* v. *Matthis*, 129 Mo.
142, 152.

There is no more reason why the judgment debtor should be entitled to notice before the issue of an execution provided by statute as supplemental process to impound, in satisfaction of the judgment, choses in action due to him which cannot be reached by an ordinary execution. No established rule of our system of jurisprudence requires that such notice be given. On the contrary, it has been frequently held in the state courts that, in the absence of a statutory requirement, it is not essential that the judgment debtor be given notice and an opportunity to be heard before the issuance of such garnishment. *High* v. *Bank of Commerce, supra,* p. 387; *Coffee* v. *Haynes,* 124 Cal. 561, 565; *Ketcham* v. *Kent,* 115 Mich. 60, 63; *Hexter* v. *Clifford,* 5 Col. 168, 173; *Kesler* v. *St. John,* 22 Iowa, 565, 566; *Phillips* v. *Germon,* 43 Iowa, 101, 102; *Smith* v. *Dickson,* 58 Iowa, 444, 445; *Pistchal* v. *Durant,* 168 App. Div. 100, 102. And see *Daigle* v. *Bird,* 22 La. Ann. 138, 139; *Chanute* v. *Martin,* 25 Ill. 63, 65; *Cross* v. *Brown,* 19 R. I. 220; *Winner* v. *Hoyt,* 68 Wis. 278, 286. In *High* v. *Bank of Commerce, supra,* in which the constitutionality of a garnishment statute was challenged because it did not require notice to the judgment debtor before issuance of the writ, the court said: " So far as the judgment debtor is concerned, he cannot complain; he is a party to the judgment, and is fully aware of the legal effect of it, viz., that what his debtors owe him can be applied, by proper proceedings in the action which is still pending, to the satisfaction of his judgment debts; and due process of law has been had to make him aware of that fact. If, then, anything is due from *his* debtor, *he* is not injured if it is so applied. If nothing is due him from such debtor, then the matter is of no concern to him. . . . We therefore see no force in the suggestion that the statute is unconstitutional, in that the judgment debtor has under it no notice of the supplementary proceeding after judgment affecting his rights of prop-

erty." And in *Ketcham* v. *Kent, supra,* the court aptly said that if notice were given the judgment debtor before issuing the garnishment, " the very advantage sought by the writ would possibly be of no avail, as a disposition could be made of the fund or property before service could be had."

We conclude that the provision of § 1391 of the Code authorizing the issue of a garnishment execution on the *ex parte* application of the judgment creditor, is not in conflict with the due process clause.

2. Nor does this section deprive the judgment debtor and garnishee of property without due process of law by interference with their liberty of contract. The statute in no wise prevents them from making such contract as they choose, but merely subjects the proceeds of the contract that become due the judgment debtor to the payment of the judgment rendered against him. This is not an interference with the right of contract within the meaning of the due process clause. Compare *Philbrick* v. *Philbrick,* 39 N. H. 468, 474, and *Laird* v. *Carton,* 196 N. Y. 169, 172. The suggestion that a substantial constitutional right of the garnishee is impaired because he may be put to some additional expense of bookkeeping in keeping his account with the judgment debtor, is plainly without merit.

3. It is further contended that this section of the Code is void because contrary to public policy. This, however, does not present a federal question.

*Affirmed.*