### LEGAL RATE LOAN CO., Inc., v. BOUANCHAUD. *

No. 14512.

Court of Appeal of Louisiana. Orleans.

May 22, 1933.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellant.

Jos. A. Casey, of New Orleans, for appellee.

JANVIER, Judge.

This case involves the applicability, vel non, of the Louisiana garnishment statute of 1932 (Act No. 181) to commissions earned under a contract of employment in which it is stipulated that the employee (whose earnings are sought to be attached) shall be entitled, immediately upon receipt thereof, to a certain fixed pro rata of all amounts collected by him for account of the employer.

Section 6 of the garnishment act provides that wherever the employer, in answer to the interrogatories, shall disclose that the person whose earnings are sought to be attached is employed on a commission basis, said employer "shall make a full disclosure of the terms of employment, the amount of the commission and the method of payment of such commission and the dates on which settlements are made with the employee." And the same section further requires that, upon the making of such disclosure, "the court shall * * * render a judgment ordering a full accounting to be made at each date when such settlements are made and * * * shall fix the exempt portion and order the non-exempt portion paid in satisfaction of whatever judgment may be rendered."

Legal Rate Loan Company, having obtained judgment against Joseph Bouanchaud, caused to be served upon First National Life Insurance Company the usual and appropriate interrogatories in an effort to ascertain whether that company was indebted unto the said Bouanchaud, the object being the attachment of such sums as might be due to Bouanchaud by the said garnishee. In answer to the interrogatories the garnishee stated:

*Rehearing denied June 12, 1933.

"Defendant works on salary and commission basis. There is no salary or commission due him for service rendered at this time."

Upon the filing of this answer plaintiff, by rule, sought to obtain against the garnishee judgment in accordance with the act of 1932, and in answer to this rule garnishee made the following averment:

"Respondent shows that the defendant herein is now employed by it as a detached agent located at Ponchatoula, Louisiana, earning commissions only approximating $30.00 per week; that the defendant sells industrial life insurance policies to various policyholders of respondent, collecting the premiums thereon in weekly or monthly installments; that defendant then deducts the commissions accruing to him out of the said premiums and remits the remainder to respondent; that at the present time defendant herein is indebted unto respondent in the sum of $41.62; that under the contract in force between respondent and the defendant herein at the present time, respondent will never be, and cannot possibly be, indebted unto defendant."

Garnishee's contention thus is that at no time is it ever in possession of anything belonging to Bouanchaud and that at no time is it ever indebted to him because he is entitled to no commission until he makes each collection, and, as soon as he makes each collection, he has the right, under his contract of employment, to his pro rata of the amount collected; in other words and to use figures, that of each dollar collected by Bouanchaud 70 cents goes directly to the company and 30 cents directly to him.

Plaintiff admits that Bouanchaud's contract of employment gives him the right to 30 cents out of each dollar collected by him, but contends that, nevertheless, each dollar, as it is collected by Bouanchaud, comes into his possession as agent for his employer, the garnishee, and that before he is entitled to his 30 cents thereof, the whole dollar must first come into the legal custody of garnishee through its agent and that, while it is thus vicariously in the possession of the garnishee, it is subject to attachment.

This view was adopted by the judge, a quo, who rendered judgment ordering the garnishee to hold a certain pro rata of such commissions as might, through the agent, come into the possession of the garnishee. In his reasons for judgment the trial judge said:

"All corporations necessarily act through agents since it cannot act alone. In this case the employee of garnishee, the defendant, is employed by garnishee in a dual capacity. He collects the premiums due his employer and the total of his collections remain the property of his employer, until he, the employee, acting in his second capacity as paymaster for his employer, takes from the total collections the commissions due the collecting employee and pays the amount earned by him. Up to the moment that payment is made by the paymaster employee to the collecting employee, the full and total sum of collections are the property of the employer and the amount due the collecting employee is, up to the time of payment to the collecting employee, in the possession of and under the control of the employer, the garnishee. The employer has not the manual possession of the property, nevertheless, the employer controls the funds which are in the possession of the paymaster agent and employee of the employer."

When we carefully analyze the situation which was presented by the agreed statement of facts, which we deem it unnecessary to set forth here, we reach the conclusion that the collection by the agent of the amount due to the company precedes the payment by the agent to himself of his share of the collection.

Respondent vehemently declares that when the agent makes a collection he does not go through the "ritualistic hocus pocus" by which he, as agent, first collects the whole amount and then, as paymaster, pays to himself as an individual the proportion due to himself, and that the truth is that, when the collection is made, part of it goes directly to the employer and the other part directly to the collecting agent as his own. But the whole amount of each collection before the collection is made is due to the employer. None of it is due to the collector, and it is only the collection of the whole which creates in the collector any right to the part. The one must precede the other. In fact, the language used by respondent in its answer to the rule is an admission (no doubt inadvertent) that the collection of the whole precedes the payment of the commission. We refer to the following averment in paragraph 4 of the answer, in which it is admitted that the agent, after making each collection, "then deducts the commission accruing to him." If, for however short a time, amounts due Bouanchaud are in the theoretical legal possession of the garnishee, then during that infinitesimal fraction of time they are subject to garnishment, and during that time the attachment, which has been hovering like a bird of prey over the head of the garnishee, swoops down and sinks its talons into those funds, and from that time on holds them subject to the rights of the seizing creditor.

We recognize, of course, that, because of the contract of employment under which Bouanchaud is given the right to immediately take out of each collection his share thereof, it may be difficult for the employer to control Bouanchaud and to force him to retain and to hold, subject to the attachment, the funds which would otherwise be his own; but we see no force in the argument that, to

require the employer to insist that the employee retain such funds is to force the making of a new contract of employment. It must be remembered that it is not the employer who forces the employee to retain such funds, but it is the majesty of the law, and it is no more an interference with the right of contract for the employer, acting under judicial coercion, to require an employee to hold such funds as this, than it is for an employer, who owes a salary to an employee, to withhold that salary, if ordered to do so by competent legal authority.

In the reasons given by the trial judge is found the statement "if garnishee cannot control defendant's commissions so as to fit the judgment which should be rendered in this case let garnishee dismiss defendant from its employ."

■■■ It is argued that this statement evidences a recognition of the fact that garnishee cannot control the actions of the employee under the contract of employment as it now is and that, therefore, to permit the garnishment act of 1932 to apply to such a contract renders that act violative of section 10 of article 1 and of section 1 of the Fourteenth Amendment of the Constitution of the United States in that it impairs the obligation of a contract. We do not think so. Although the contract of employment is legal and although, under it, neither party may on his or its own initiative withhold from the other anything due to the other, into every such contract of employment is written such laws of the state and of the United States as are applicable thereto, and into this contract of employment are written particularly the garnishment laws of Louisiana. What our brother below intended was, not that a new contract must be made, or that the employee must be discharged if he refuses to make a new contract, but that the employee must be directed by the employer to comply with the laws of the state of Louisiana, and that if, as a result of his refusal and of the consequent inability of the employee to comply with the order of garnishment, it might become liable for the amounts which it should have withheld, that, then, it should discharge its employee for its own protection, as it should discharge any other employee who might refuse to comply with the laws. Let us assume for the moment that Bouanchaud was not the collecting agent, but was employed merely to sell policies of insurance on a commission basis and that the contract stipulated that collections of the premiums should be made by a third employee and that the third employee, immediately upon making each collection, should pay to Bouanchaud, Bouanchaud's pro rata thereof. Could it be doubted for a moment that each premium collection as made by the third employee placed theoretically in the possession of the employer the whole amount of the collection and

rendered subject to garnishment the proportion thereof due Bouanchaud? What is the difference, in legal effect, between collection by the third person of the whole amount and the collection by Bouanchaud of the whole amount? In each case the collection is made by the company's agent and when it is made there is in the possession of the company the whole amount; not only that part which ultimately finds its way into the treasury of the employer, but also that part which ultimately finds its way into the possession of Bouanchaud.

The question of the constitutionality of such a statute was passed upon by the Supreme Court of the United States in Endicott-Johnson Corp. v. Encyclopedia Press, 266 U. S. 285, 45 S. Ct. 61, 63, 69 L. Ed. 288, though in that case the ground on which the statute was attacked was slightly different from the ground suggested here. But in that case the court used language which indicated that the ground on which the statute is here attacked, if interpreted as we interpret it, would not justify a holding of unconstitutionality. It has been admitted by counsel for garnishee that "the New York garnishment act is practically identical to our own." In passing on the question of the constitutionality of the New York act the Supreme Court considered whether there was any interference with the right to freely contract and said:

"Nor does this section deprive the judgment debtor and garnishee of property without due process of law by interference with their liberty of contract. The statute in no wise prevents them from making such contract as they choose, but merely subjects the proceeds of the contract that become due the judgment debtor to the payment of the judgment rendered against him."

Objection is made to the fact that this view of the matter renders it most difficult for the act to be administered because it requires a judgment which must apply to each collection made by the debtor, even if it be for only a few cents and although many collections may be made each day.

■ It may be that in many cases it will be difficult to keep the proper accounts and no doubt many situations will arise in which it will be most bothersome to frame a judgment which will adequately protect the seizing creditor, the debtor and the garnishee, but we cannot give serious consideration to the argument that, because a law, if properly interpreted, will be difficult of administration, some other construction should be put upon it. Here we believe that the judgment as rendered adequately protects the rights of all parties.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.

Affirmed.