**Henry LANGFORD, Individually and on behalf of all others similarly situated, Plaintiff,**

**v.**

**The STATE OF TENNESSEE et al., Defendants.**

**Civ. No. C–72–380.**

United States District Court, W. D. Tennessee, W. D.

March 27, 1973.

G. Philip Arnold, Memphis & Shelby County Legal Services Ass'n, Memphis, Tenn., for plaintiff.

Bart Durham, Asst. Atty. Gen., Nashville, Tenn., for State of Tennessee, Dunn and Pack.

Joseph A. Heffington, Watson, Lewis & Knolton, Memphis, Tenn., for County Savings and Loan.

Leo Bearman, Jr., Memphis, Tenn., for Nixon.

Before LIVELY, Circuit Judge, BROWN, Chief District Judge, and Mc-RAE, District Judge.

PER CURIAM.

Plaintiff, Henry Langford, was a judgment debtor of defendant County Savings and Loan Association, which had execution levied on plaintiff's automobile to satisfy the judgment. Plaintiff then brought this action under 42

U.S.C.A. § 1983, seeking damages against County Savings[1] and seeking declaratory and injunctive relief against the defendant officials of the State of Tennessee. With respect to the latter claim, plaintiff contends that the Tennessee execution statutes (T.C.A. § 26–103 and § 26–104) are unconstitutional on their face in that, contrary to the due process clause of the Fourteenth Amendment, they permit an execution after judgment without a prior hearing to determine whether the property upon which execution is had is subject to exemption under T.C.A. § 26–201.

A three judge court was impanelled (28 U.S.C.A. §§ 2281 and 2284) to which two questions were argued: (1) whether this action can be maintained as a class action under Rule 23, F.R.C.P. and (2) whether the involved statutes are unconstitutional on their face.

 We conclude that this action cannot be maintained as a class action because the membership of the alleged class is neither distinguishable nor definable. Cunningham v. Ellington, 323 F.Supp. 1072 (W.D.Tenn.1971).

 We further conclude that the involved Tennessee statutes are not unconstitutional simply because they allow levy of execution after judgment but without providing for a prior hearing to determine whether the property to be levied upon is exempt under other statutory provisions.[2] Endicott-Johnson Corp. v. Encyclopedia Press, Inc., 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924) squarely so holds, and while the Supreme Court in Hanner v. De Marcus, 389 U.S. 926, 88 S.Ct. 288, 19 L.Ed.2d 277 (1968) apparently granted certiorari to reconsider the *Endicott-Johnson* decision, it later dismissed the writ as improvidently granted. 390 U.S. 736, 88 S. Ct. 1437, 20 L.Ed.2d 270. We therefore

consider that the decision, not having been overruled, still stands. Plaintiff particularly relies on Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). These decisions are not applicable here, however, since they deal with a pre-judgment garnishment and a pre-judgment repossession by means of replevin.

Since all claims herein asserted by plaintiff have been dismissed by him or decided adversely to him, the Clerk will enter a judgment for defendants.

---

1. This claim has since been dismissed by plaintiff.

2. The involved exemption statute (T.C.A. § 26–201) allows the judgment debtor to select items of personal property, not to exceed stipulated values, that will be exempt, and under Tennessee practice he may file a petition to legally establish the applicability of the exemption to particular property. It appears that in this case plaintiff filed such a petition after the levy on his automobile and it was declared exempt and was released.