In re James L. THELEN, Debtor.

James L. THELEN, Plaintiff,

v.

Denise Thelen CUSHION and David Cushion, Defendants.

Bankruptcy No. GL 92–86570.
Adv. No. 92–8620.

United States Bankruptcy Court,
W.D. Michigan.

July 23, 1993.

Roland F. Rhead, Lansing, MI, for plaintiff.

Arlyn J. Bossenbrook, Lansing, MI, for defendants.

## OPINION REGARDING MICHIGAN EXECUTION STATUTE

JAMES D. GREGG, Bankruptcy Judge.

### I.  FACTS

On March 20, 1987, the Eaton County Circuit Court in Michigan entered a judg-

ment of divorce for Denise Thelen Cushion ("Cushion") and James Thelen ("Thelen"). In January of 1992, Cushion filed a lawsuit against Thelen in the Eaton County Circuit Court seeking a monetary judgment for sums arising out of the divorce judgment. Thelen was served by posting a copy of the summons and complaint on Thelen's condominium door at 7447 Creekside Drive, Lansing, Michigan.[1] The Eaton County Circuit Court entered a default judgment against Thelen on April 23, 1992. Thelen's shares of common stock in Beacon Harbor, Inc. were sold at an execution sale on November 6, 1992 in Lansing, Michigan, in satisfaction of the default judgment. Cushion purchased those shares for $100.

On December 1, 1992, Thelen filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2] On December 18, 1992, he filed this adversary proceeding against Cushion and her new spouse, David Cushion. In his First Amended Complaint To Set Aside Sale And For Temporary And Permanent Injunction ("amended complaint"), Thelen alleged the following grounds for setting aside the execution sale of his Beacon Harbor stock: (1) failure to provide prior notice of the execution sale violated the due process clause of the fourteenth amendment of the United States Constitution (Count I); (2) the execution sale constituted a preference within 11 U.S.C. § 547 (Count II); and (3) the execution sale was a fraudulent transfer pursuant to 11 U.S.C. § 548 (Count III).[3] Only Thelen's due process claim is before the court for decision at this time.[4] Thelen

---

1. Apparently, some of the alleged notice problems of which Thelen complains may have arisen because some court documents in the default judgment case listed Thelen's address as 7447 Creekside Drive, Grand Ledge, rather than Lansing, Michigan.

2. The Bankruptcy Code, as amended, is set forth in 11 U.S.C. §§ 101–1330.

3. Thelen also urges this court to consider his claim that the failure to comply with Michigan Court Rule 2.603's requirement of notice of the default and of the default judgment makes the judgment so unfair that enforcement of the judgment would violate due process. See Plaintiff's Memorandum In Support of Count I of Complaint—Violation of Due Process at 10–11. For several reasons, this court declines to address this question.

First, in the following exchange between Roland Rhead, attorney for Thelen, and Thelen during this court's hearing on Thelen's motion for a preliminary injunction, Thelen admits that he had actual notice of the default judgment against him as of July 22, 1992, at least three months prior to the execution sale of his Beacon Harbor stock:
Q: "When did you first learn of the existence of a judgment?"
A: "I first learned of the existence of the judgment in that matter, I believe it was when I was served with an order for deposition."
Q: "And what month or day was that?"
A: "I believe that was in July. July 22nd."
Transcript of Preliminary Injunction Hearing at 32; see also id. at 36. Thus, Thelen could have contested this default judgment in Michigan state court as early as July of 1992, which was four and one half months prior to the filing of this adversary proceeding in which he now asks this court to rule on the validity of that default judgment.

Second, Thelen does not contest the constitutional validity of the Michigan Court Rules' notice requirement; he merely claims that he did not receive the notice provided by those rules. The Michigan Court Rules provide relief to a party without notice against whom a default judgment is entered. See M.C.R. 2.603(D), 2.612(C). Adequate remedies exist in the state court if the default judgment is defective.

Finally, in January of 1993, this court informed the parties that it declined, as inappropriate, to act as an appellate court for a state court judgment. Transcript of Preliminary Injunction Hearing at 79. This court granted relief from stay so that the parties could pursue a state court action on the validity of the default judgment. In fact, an application for leave to appeal on this issue is now pending before the Michigan Court of Appeals. Transcript of Hearing on Jurisdiction Issues at 12.

4. In order to understand why the court currently is deciding only Thelen's due process claim, it is necessary to give a brief procedural background of this adversary proceeding.

On January 11, 1993, Thelen filed a motion for preliminary injunction, requesting this court to enjoin the defendants from operating the business sold through the execution sale of the Beacon Harbor stock. On January 22, 1993, the Cushions filed a motion for summary disposition and/or abstention, claiming, in part, that Thelen's due process claim belonged in state court. On January 29, 1993, the court held a hearing on Thelen's motion, which it denied at that time; however, the court specifically reserved decision on Thelen's due process claim. See Transcript of Preliminary Injunction Hearing at 75.

contends that Michigan's statute on execution sales does not satisfy the requirements of due process because the statute only provides for posting of the notice of an execution sale. Thelen claims that he should have received personal notice, prior to the sale.

## II. JURISDICTION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. The issue raised in Count I is a non-core, related proceeding in which the court may enter a final order, as provided by 28 U.S.C. § 157(c)(2).

■ This adversary proceeding is related to Thelen's bankruptcy case because Thelen urges this court to return to his possession the Beacon Harbor stock sold by execution sale on November 6, 1992. Plaintiff claims that the execution sale is invalid because the Michigan statute on execution sales fails to provide notice consistent with the due process guarantees of the fourteenth amendment. Thus, this court's ruling on the constitutionality of the statute could have a conceivable effect on the assets of the bankruptcy estate. *See Kelley v. Nodine (In re Salem Mortgage Co.)*, 783 F.2d 626, 634 (6th Cir.1986); *Transamerica Automotive Finance Corp. v. Artibee (In re Pal Nissan, Inc.)*, 126 B.R. 966, 971–72 (Bankr.W.D.Mich.1991).

■ The court may enter a final order in this non-core, related proceeding pursuant to 28 U.S.C. § 157(c)(2) because the parties have impliedly, if not expressly, consented to entry of such an order. In *DuVoisin v. Foster (In re Southern Indus. Banking Corp.)*, 809 F.2d 329 (6th Cir.1987), the Sixth Circuit stated that "[e]ven if express consent has not been proven, we agree with recent cases in the bankruptcy courts that have supported the notion that the absence of a timely objection to the bankruptcy court's jurisdiction constitutes implied consent to the resolution of the con-

troversy." *Id.* at 331 (citations omitted). Thelen's amended complaint stated that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). In their answer, the Cushions' raised jurisdiction as an affirmative defense, claiming that Count I of the amended complaint was not a core proceeding. However, this court's pretrial order, dated April 5, 1993, advised the parties to file legal memoranda respecting all jurisdictional issues. Neither party discussed jurisdictional issues in its brief. Instead, each proceeded directly to the underlying substantive claim—the constitutionality of the Michigan statute on execution sales. Hence, this court concludes that both parties have consented to this court's entering a final order on the constitutionality of the Michigan statute.

## III. DISCUSSION

■ Thelen claims that the Michigan statute on execution sales violates the due process clause of the fourteenth amendment because the statute fails to provide debtors with personal notice prior to execution against their personal property. The statute provides as follows:

> No sale of any goods or chattels may be made by virtue of any execution, unless at least 10 days' previous notice of such sale is given, by fastening up written or printed notices thereof, in 3 public places in the city or township where such sale is to be had, and specifying the time and place where the sale is to be had.

Mich.Comp.Laws Ann. § 600.6031 (West 1987). The Michigan statute does provide notice of the sale; however, Thelen argues that posted notice does not satisfy the requirements of due process.

The case law does not support Thelen's assertion that the due process clause requires personal notice for *post-judgment* executions against property. In *Endicott-Johnson Corp. v. Encyclopedia Press, Inc.*, 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288

On April 2, 1993, the Cushions' motion for summary disposition and/or abstention was verbally withdrawn by their attorney, on the record, without prejudice. However, at this time no written pleading has yet been submitted regarding that withdrawal. On that same day, the court held a pretrial conference, at which time it scheduled a hearing on jurisdiction for June 3, 1993, and directed the parties to file legal memoranda on all jurisdictional issues. On June 3, 1993, the court heard argument on whether it had jurisdiction to decide Thelen's due process claim. This opinion followed.

(1924), the United States Supreme Court concluded that once a valid judgment has been entered against a party, due process no longer requires that that party be notified of actions to satisfy the judgment. "[I]t is not essential that [the judgment debtor] be given notice before the issuance of an execution against his tangible personal property; after the rendition of the judgment he must take 'notice of what will follow,' no further notice being 'necessary to advance justice.'" *Id.* at 288, 45 S.Ct. at 63. More recently, in *Agg v. Flanagan*, 855 F.2d 336 (6th Cir.1988), the Sixth Circuit stated that *Endicott* remains good law, despite the passage of time and the evolution of due process. Specifically, the court in *Agg* drew a distinction between pre-judgment and post-judgment garnishments, concluding that due process did not require notice and a hearing prior to post-judgment garnishment of wages of child support debtors.

■ In his brief, Thelen cites only one case, *Fry's Food Stores, Inc. v. CBM of Arizona, Inc.*, 636 F.Supp. 168 (D.Ariz. 1986), that arguably supports a contention that due process requires post-judgment notice of the sale of a debtor's personal property.[5] But the rationale underlying the court's decision in that case does not apply to this proceeding. *Fry's Food Stores* discussed due process concerns about Arizona's Supplemental Proceedings statute, in part, because the statute failed to provide judgment debtors with pre-seizure notice that apprised them of property that was exempt from execution. Thelen does not claim, nor would state law[6] support an allegation, that the Beacon Harbor stock was exempt from execution. "[O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons

or other situations in which its application might be unconstitutional." *United States v. Raines*, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960) (citations omitted). Therefore, any cases recognizing any right to post-judgment notice before sale of potentially exempt personal property simply do not apply to a case in which no exempt property is involved.

## IV. CONCLUSION

This court holds that the Michigan statute on execution sales, as applied to Thelen, did not deprive him of due process of law. Thelen admittedly received actual notice of the default judgment against him several months prior to the execution sale of his Beacon Harbor stock. Had he pursued state court avenues of relief upon learning of that judgment, this adversary proceeding might not be before the court at this time. Moreover, the case law simply does not support Thelen's contention that due process requires post-judgment notice prior to seizing non-exempt personal property in satisfaction of a default judgment. Therefore, Count I of the amended complaint is hereby dismissed for no cause of action. An order shall be entered accordingly.

---

**5.** Thelen also cites *McCahey v. L.P. Investors,* 774 F.2d 543 (2d Cir.1985) to support an assertion that due process requires post-judgment notice of seizure of property. The court's holding in *McCahey,* however, actually militates against the result desired by Thelen. In *McCahey,* the Second Circuit specifically rejected the judgment debtor's argument that due process required notice and a hearing *prior* to seizing debtor's potentially exempt property. The court found that post-seizure notice and a prompt hearing satisfied the due process clause. *Id.* at 549–50.

**6.** *See* Mich.Comp.Laws Ann. § 600.6023 (West Supp.1993).