In re **MANTER CORPORATION,**
Debtor.

**Edmond J. Ford, Trustee, Plaintiff,**

v.

**Norman Ballard; Doris Ballard; Ballard Enterprises, Inc.; City of Manchester, New Hampshire; State of New Hampshire Department of Health and Human Services; United States of America; Alice Manter, a/k/a Alice Kubisek; Donald I. Manter; Richard Brennan; and Susan Brennan, Defendants.**

Bankruptcy No. 98–11772–MWV.
Adversary No. 99–1030–MWV.

United States Bankruptcy Court,
D. New Hampshire.

Sept. 2, 1999.

Dennis Bezanson, Portsmouth, NH, for plaintiff.

Donald F. Hebert, Hebert & Uchida, PLLC, Concord, NH, for defendants Doris Ballard, Norman Ballard and Ballard Enterprises.

Stacey L. Sweet, State of New Hampshire, Child Support Legal Office, Concord, NH, for defendant State of NH Dept. Health & Human Services.

Alexander S. Buchanan, Jordan, Maynard & Parodi, PLLC, Nashua, NH, for defendant Alice Manter.

Geraldine Karonis, Manchester, NH, for U.S. Trustee.

## MEMORANDUM OPINION REGARDING MOTION FOR SUMMARY JUDGMENT AS TO COUNT I (BALLARD)

MARK W. VAUGHN, Chief Judge.

The Court has before it cross-motions for summary judgment on Count I of the Trustee's complaint. The Trustee seeks summary judgment on the grounds that there is no means of obtaining a post-judgment attachment under New Hampshire law and, even if there was, the writ of attachment was not served on the Debtor or returned to the court and is, therefore, void. The Defendants seek summary judgment on the grounds that they have a valid attachment, which is a secured claim in this bankruptcy case that cannot be avoided by the Trustee.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." *Rodriguez–Pinto v. Tirado–Delgado*, 982 F.2d 34, 38 (1st Cir. 1993) (*quoting United States v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992)). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir.1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

### FACTS

The facts are not in dispute, and the parties have filed with the Court a stipulation of facts.

Briefly, the facts are as follows. On May 9, 1994, the Defendants obtained a judgment against the Debtor, Manter Corporation, in the amount of $43,643.99. On January 12, 1995, the Defendants, acting *pro se*, obtained an ex parte attachment against the Debtor's real estate in the amount of $75,000. The order granting the attachment read as follows: "The Plaintiff is granted permission to make the above attachments and shall complete service on the Defendants thirty within days [sic]." The attachment was properly recorded at the registry of deeds on January 13, 1995. There is no evidence that the writ of attachment was served on the Debtor or returned to the New Hampshire Superior Court. On February 6, 1998, the Defendants obtained a writ of execution. The Debtor filed a voluntary Chapter 11 petition on May 5, 1998, which was converted to Chapter 7 on October 20, 1998.

### DISCUSSION

The first issue before the Court is whether or not a post-judgment attach-

ment is available under New Hampshire law. First, the Court finds that New Hampshire RSA § 511–A is inapplicable to a post-judgment attachment since section 511–A:1 specifically states that chapter 511 applies only to prejudgment attachments.

Section 511 is the general chapter on attachments. RSA § 511:1 states that "[a]ll property, real and personal, which is liable to be taken in execution, may be attached and held as security for the judgment the plaintiff may recover." N.H.Rev. Stat.Ann. § 511:1 (1997). Section 511:3 states that:

> 511:3 Service on Register. Real estate may be attached on a writ of mesne process by the officer, the plaintiff, his attorney or any other person leaving an attested copy thereof, and of his return of the attachment thereon, at the office or the dwelling house of the register of deeds of the county in which the real estate is situated.

N.H.Rev.Stat.Ann. § 511:3 (1997). The Trustee relies on the phrase "judgment the plaintiff may recover" with the emphasis on "may" to argue that attachments may only be obtained prejudgment. However, section 511:3 refers to a writ of "mesne process." Black's defines mesne process as "any writ or process issued between the commencement of the action and the suing out of execution." Black's Law Dictionary 1205 (6th ed.1990). There is no statutory prohibition of post-judgment attachments cited by either the Trustee or the Defendants. The Court finds that the use of the term "mesne process" is broad enough to contemplate post-judgment attachments. The New Hampshire Superior Court must also believe that post-judgment attachments are available as it issued just such an order in the instant case.

■ Having found that there is such a thing as a post-judgment attachment, the Court must now consider whether the attachment is valid on the facts of this case. First, this Court believes that the law is clear that prior notice is not required to obtain a post-judgment. *Dionne v. Bouley*, 757 F.2d 1344 (1st Cir.1985) (citing *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) and *Endicott–Johnson Corp. v. Encyclopedia Press*, 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924)). In the case of *Dionne v. Bouley*, the First Circuit Court of Appeals found the Rhode Island post-judgment garnishment statute to be unconstitutional as a violation of due process under the Fourteenth Amendment. In that case, the bank account of the judgment debtor was attached, which contained social security benefits that are exempt from attachment. That court reasoned that due process required a procedure after the post-judgment attachment was perfected to give notice to the judgment debtor and a right to contest the attachment. While in the instant case, the property attached is not exempt property, this Court finds that reasoning applicable to any post-judgment attachment.

The New Hampshire Superior Court order is clear. Service was to be made on the Defendant. Absent the necessity for service on the Defendant of a post-judgment attachment, such a procedure would fall short of the requirements of due process enunciated in the *Dionne* case. Consequently, this Court finds that service on the Defendant is required to have a valid post-judgment attachment. In the instant case, service was not made and, thus, the attachment is void.

For the above reasons, summary judgment is granted to the Trustee and denied to the Defendants.

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Court finds that there is no just reason for delay with respect to its ruling on the cross-motions for summary judgment and directs that the entry of a final judgment be entered thereon.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Proce-

dure 7052. The Court will issue a separate order consistent with this opinion.