FRY'S FOOD STORES OF ARIZONA, INC., a corporation, Plaintiff,

v.

CBM OF ARIZONA, INC., dba Collection Consultants, Inc., Defendant.

Larry and Carmen VALENZUELA, husband and wife, Plaintiffs,

v.

CBM OF ARIZONA, INC., dba Collection Consultants, Inc., Defendant.

No. Civ–85–943–TUC–RMB.

United States District Court, D. Arizona, Tucson Division.

April 29, 1986.

Nathan R. Niemuth, Linda L. Hudson, Evans, Kitchel & Jenckes, P.C., Phoenix, Ariz., for Fry's Food Stores of Arizona, Inc.

William E. Morris, Southern Arizona Legal Aid, Inc., Tucson, Ariz., for Larry and Carmen Valenzuela.

Terry W. Aron, Law Offices of Terry W. Aron, P.C., Tucson, Ariz., for CBM of Arizona, Inc.

## ORDER

BILBY, Chief Judge.

This is a consolidation of two declaratory actions challenging the constitutionality of Arizona's Supplemental Proceedings statute, A.R.S. § 12–1631 *et seq.*

## BACKGROUND

In April, 1985, certain aspects of Arizona's post-judgment garnishment statute, A.R.S. § 12–1571 *et seq.*, were found to be unconstitutional. *Neeley v. Century Finance Co. of Arizona* ("*Neeley*"), 606 F.Supp. 1453 (D.Ariz.1985). Enjoined from utilizing that particular method of debt collection, CBM of Arizona, Inc. ("CBM"), resorted to the state's Supplemental Proceedings statute.

Under A.R.S. § 12–1633(B) a judgment creditor may request a court to order any person holding property of a judgment debtor, or owing the judgment debtor more than fifty dollars, to appear before the court and answer concerning the indebtedness. If the court determines that the third party is indeed indebted to the judgment debtor, it may then order the third party to surrender any property or money of the judgment debtor which is not exempt from execution. A.R.S. § 12–1634(B). The property or money which is turned over is applied toward satisfaction of the judgment debt. *Id.*

Pursuant to A.R.S. § 12–1633(B), CBM obtained an order requiring the custodian of records for Fry's Food Stores of Arizona ("Fry's") to appear and testify regarding wages owed to CBM's judgment debtor. CBM has also initiated supplemental proceedings against the employer of plaintiff Valenzuela.

## DISCUSSION

The parties agree that the statute in question achieves the same result as did the state's post-judgment garnishment statute, i.e., the seizing of a judgment debtor's property or money toward satisfaction of a judgment debt. The parties disagree on the applicability of *Neeley, supra,* in this instance. This Court finds that while *Neeley* is not entirely dispositive of the issues presented here, it's reasoning is informative.

In *Neeley,* the Court held that "Arizona['s] post-judgment garnishment scheme ... violates the Supremacy Clause of the United States Constitution as well as the due process clause of the 14th amendment as it fails to protect assets that have been declared exempt from debt collection activities." *Neeley* at 1469.

In *Endicott-Johnson Corp. v. Encyclopedia Press, Inc.,* 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924), the United States Supreme Court held that with regard to post-judgment garnishment proceedings, there were no due process requirements that a judgment debtor receive pre-seizure notice and opportunity to be heard. However, in the years since *Endicott-Johnson* was decided federal and state laws have been enacted which exempt certain wages and assets of a debtor from debt collection. These statutory exemptions have created property interests which call into play certain due process safeguards. *See, Board of Regents v. Roth,* 408 U.S. 564, 577–78, 92 S.Ct. 2701, 2709–10, 33 L.Ed.2d 548 (1972).

The defendant argues that because the Supplemental Proceedings statute provides for pre-seizure notice and hearing due process is satisfied and *Neeley* is inapposite. However, even if the statute does mandate pre-seizure notice and hearing for the judgment debtor, a fact which is contested by the plaintiffs, this Court would still be compelled to determine the constitutional sufficiency of that notice and hearing.

Plaintiffs object to several aspects of the Supplemental Proceedings statute. They first contend that the statute fails to require that the judgment debtor receive any notice of the hearing which could result in seizure of the debtor's property. Secondly, they complain that the statute does not provide for the judgment debtor's participation in the hearing. They also object that the judgment debtor is given no notice of his right to appear at the hearing and challenge the seizure of any property. The

fourth objection is the failure to notify the judgment debtor of the availability of federal and state exemptions. Lastly, Fry's complains that the third party receives no notice that a judgment could possibly be entered against it.

### A. Notice to the debtor

The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to protect the property or liberty interest at issue. *Anderson Nat. Bank. v. Luckett*, 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 692 (1944).

Plaintiffs argue that the Supplemental Proceedings statute violates the due process provision of the 14th amendment because there is no requirement that the judgment debtor be given notice of the proceeding which could well result in the court ordering the surrender of the debtor's property, some of which property may be exempt from debt collection activities.

■ CBM does not question the fact that notice to the debtor is necessary in this instance. The defendant argues that although the Supplemental Proceedings statute does not itself provide for or require notice to the debtor, Rule 5(a) of the Arizona Rules of Civil Procedure, 16 A.R.S. Rules of Civil Procedure, does require that the debtor be served with a copy of the court order requiring the third party's appearance at the hearing. CBM also notes that it served both the debtors in this case with a copy of the court order.

Rule 5(a) provides:

(a) Service: When Required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and sim-ilar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

CBM points to no specific language in the rule, nor to any case law which supports its position. This Court is unable to reasonably construe Rule 5(a) as requiring service of process upon a judgment debtor whose property has become the subject of inquiry in a supplemental proceeding which contemplates seizure of that property.

■ CMB's giving of notice to the present debtors may be commendable, but does not cure the statute's constitutional defect. Procedures which are extra-official or provided as a matter of favor or discretion are not substitutes for the requirements of constitutional due process. *Coe v. Armour Fertilizer Works*, 237 U.S. 413, 424, 35 S.Ct. 625, 629, 59 L.Ed.2d 1027 (1915).

### B. Provision for debtor participation

■ Before being deprived of a property interest encompassed by the 14th amendment, a person must be given an opportunity for some kind of hearing, except in extraordinary situations where some valid countervailing interest justifies postponing the hearing until after the event. *Fuentes v. Shevin*, 407 U.S. 67, 84, 92 S.Ct. 1983, 1996, 32 L.Ed.2d 556 (1972), *reh. denied* 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165.

The Supplemental Proceedings statute provides for a pre-seizure hearing, but the plaintiffs argue that the statute is unconstitutional because it does not expressly provide for the judgment debtor's presence or participation at the hearing. The Court notes that, except for the previously discussed lack of notice, there is nothing in the statutory language that would prevent or prohibit a judgment debtor's attendance at, or participation in, the hearing at which the third party is questioned about his or

her indebtedness to the judgment debtor. The Court believes that the lack of direct language in this regard is, although regrettable, not sufficient to overcome the presumption of constitutionality which attaches to all statutory enactments. *Flemming v. Nestor,* 363 U.S. 603, 617, 80 S.Ct. 1367, 1376, 4 L.Ed.2d 1485 (1960).

### C. Sufficiency of notice to judgment debtor

Plaintiffs argue that even if Rule 5(a) can be read to mandate that the debtor be given a copy of the order requiring the appearance of the third party, that "notice" is constitutionally defective because it fails to advise the judgment debtor of his or her right to appear at the hearing and fails to give any information regarding federal and state exemptions which may be available to the debtor.

Due process requires that the notice given must be "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

■■■ Having determined that the statute is unconstitutional insofar as it fails to require giving *any* notice to the judgment debtor, a discussion of the plaintiffs' objections with regard to "sufficiency" is moot. The Court notes, however, that, at the very least, due process would require in this instance that the judgment debtor receive notice: (1) of the hearing date; (2) that the hearing could result in seizure of the judgment debtor's property; (3) of his or her right to appear and participate at the hearing; and (4) of the availability of specific federal and state wage and asset exemptions.

### D. Sufficiency of notice to third party

■ Fry's argues that the Supplemental Proceedings statute is unconstitutional because the court order served upon the third party does not advise that the proceeding may result in an entry of judgment against the third party. It is no answer that the judgment "merely" compels the third party to surrender wages or assets belonging to the judgment debtor and that, therefore, the third party has no personal stake in the outcome of the hearing. The judgment in question is against the third party and necessarily has some legal and binding significance. The Court believes that when a party is required to appear and answer in a judicial proceeding and thereby becomes potentially subject to a legal judgment, due process requires giving the party notice of that potentiality.

IT IS ORDERED that plaintiffs' motions for summary judgment on the issue of the unconstitutionality of Arizona's Supplemental Proceedings statute is GRANTED insofar as the statute fails to require that the judgment debtor be given notice of the proceeding and fails to require that the third party be notified that the hearing could result in a judgment being entered against the third party. The plaintiffs' motions are DENIED as moot regarding the adequacy of any notice issued to the judgment debtor and are DENIED as to the statute's failure to expressly provide for the judgment debtor's presence and participation at the proceeding.

IT IS FURTHER ORDERED that defendant CBM's cross motion for summary judgment is DENIED.