ACCEPTED
06-18-00020-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/1/2018 11:21 PM
DEBBIE AUTREY
CLERK

## NO. 06-18-00020-CV

*IN THE COURT OF APPEALS*

*FOR THE SIXTH DISTRICT OF TEXAS*

*AT TEXARKANA*

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/4/2018 9:29:00 AM
DEBBIE AUTREY
Clerk

## IN THE MATTER OF THE MARRIAGE OF

## HERMAN TYESKIE AND INGER TYESKIE

*On appeal from the 307TH Judicial District Court Gregg County, Texas*

*In Cause No.2015-1636-DR*

_____

## APPELLANT'S BRIEF

_____

Counsels of Record

**William T. Hughey, Esq.**

**P.O. Box 2012**

**Marshall, Texas 75671**

**Hugheylaw@sbcglobal.net**

**Ph. 903-935-5550**

**Fax 866-823-7185**

## IDENTITY OF PARTIES AND COUNSEL

The following constitutes a list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

**LIST OF PARTIES**

**Appellant**                                      Inger Hall

**Appellate Counsel**                     William T. Hughey, Esq.
P.O. Box 2012
Marshall, Texas 75671

**Appellee**                                       Herman Tyeskie
P.O. Box 651
Gladewater, Texas 75647

**Appellee Counsel**                      Myla Mayberry, Esq.
2770 Main Street
Longview, Texas 75601

# TABLE OF CONTENTS

LIST OF PARTIES………………………………………………ii

INDEX OF AUTHORITIES………………………………..iv

STATEMENT OF THE CASE……………………………..1

ISSUE PRESENTED…………………………………….2

  1.  The Trial Court Abused its Discretion by failing to Credit $52,576.21
     of Appellant's Separate funds from Saving to be reimbursed out
     of funds associated with the Sale of the Homestead Property.

  2.  The Trial Court Abused its Discretion by failing to provide Notice to
     Appellant before signing order Turnover order and appointing
     Receiver pursuant to Sec. 31.002 of the Texas Civil Remedies and
     Practice Code said abuse constituting a violation of Appellant's
     Due Process Right under the 14th Amendment of the United States
     Constitution and the taken of her property by order dated March 22,2018
     and her illegal imprisonment.

STATE OF FACTS……………………………………………2-5

SUMMARY OF ARGUMENT………………………………..5-6

ARGUMENT…………………………………………6-13

PRAYER……………………………………………13

CERTIFICATE OF SERVICE……………………………….. 14

CERTIFICATE OF COMPLIANCE……………………………..14

APPENDIX…………………………………………15

*iii*

# INDEX OF AUTHORITIES

*iv*

Appellant respectfully submits the instant brief. This is an appeal from The 1307th Judicial District Court Gregg County, Cause No. 2015-1636-DR

## Statement of the Case

Appellants Inger (Hall) Tyesie is the Respondent in an Original Petition for Divorce filed by Appellee Herman on September 2, 2015. (CR-p5) On August 8, 2017,a Bench Trial was conducted in which the Trial Count on September 19, 2017 prepared a written decision on the confirmation of separate property and the division of the martial estate.(CR-p104) Appellants trial counsel on October 10, 2017 filed a Premature Motion to modify, Correct, or Reform Judgment and/or Motion for New Trial . (CR-p113) The trial court on January 2, 2018 signed a Final Decree of Divorce. (CR-p118)

After the previous reference event on January 8, 20181, trial counsel for Appellee filed a "Motion for Post Judgment Receivership Pursuant Section 31.002, Civil Practice and Remedies Code." (CR-p 130) The trial court on January 19, 2018 signed an "Order Appointing Receiver and Compelling Discovery. The trial court on March 9, 2018 signed an "Order Holding Respondent (Appellant) In Contempt and For Commitment to County Jail (CR-p 203) On March 22, 2018, the

trial court signed an "Order Approving Final Account, Order directing Receiver to Make Disbursement of Funds Collected and Discharging Receiver. (CR-p 215)

On March 29, 2018 Respondent /Appellant filed a Pro Se Notice of Appeal. (CR-p 217) Respondent after retaining counsel through counsel filed a Motion to Set Supercedeous Bond. (CR-p 231)

## ISSUES PRESENTED

1.  The Trial Court Abused its Discretion by failing to Credit $52,576.21 of Appellant's Separate funds from Saving to be reimbursed out of funds associated with the Sale of the Homestead Property.

2.  The Trial Court Abused its Aiscretion by failing to provide Notice to Appellant before signing order Turnover order and appointing Receiver pursuant to Sec. 31.002 of the Texas Civil Remedies and Practice Code said abuse constituting a violation of Appellant's Due Process Right under the 14th Amendment of the United States Constitution and the taken of her property by order dated March 22,2018 and her illegal imprisonment.

## STATEMENT OF FACTS

On August 8, 2017, the case was called for trial counsel parties announced. (RR-v2-p5) The Court heard and denied a Motion for Continuance filed by Counsel for Appellant. (RR-v2-p 10)

**Direct Examination Herman Tyeskie:** Witness proved up jurisdiction questions parties married January 3, 2009 ceased living together fall of 2015. (RR-v2-p 11) Parties purchase home in November 2013. (RR-v2-15) Witness stated that at a point relationship started to deteriorate, wife hit and spit on him. (RR-v2-15-16)

Witness testify that a point in time he found a tacking device in his truck (RR-v2-17-20) parties at time start living in separate part of house. (RR-v2-20) The stated that wife has trashed his room. (RR-v2-25) Witness state that at one point in time wife took his truck and he must get someone to take him to the doctor because of his disability. (RR-v2-29) In November 2015 was hit in head by wife with iron. (RR-v2-35) Witness stated was taken to hospital. (RR-v2-34) Witness stated that on questioning that he thought wife was obsessed with the thought that you have cheated on her. (RR-v2-36) Attorney covered prior discovery attempts with attorneys for wife and non-compliance. (RR-v2-37-54) Witness stated that value of community home was about 245,00 and that $52,576.21 was down payment.  And 300,000 Cashier check wife had taken out of her saving account. (RR-v2-50-55) witness stipulated that wife has 162,168.61 in her saving account in January 2009. (RR-v2-58) Witness acknowledged that wife 299,681.93 was taken out of her account. (RR-v2-59) Witness informed court what he wants out divorce as to separate and community property. (RR-v2-59-69)

**Cross Examination of Witness**

Witness stated that his Monthly income was a disability payment of $1081. (RR-v2-71) Witness testify to damage to his truck done by his wife. (RR-v2-72) Counsel sought to introduce tape and affidavit about paramour that were not admitted. (RR-v2-73-76) Witness passed (RR-v2-78)

**Limited Redirect**

**Direct Examination Respondent Inger Renee Tyeskie**

Witness testified that she had give a gift of 3000.00 to her daughter in2015. (RR-v2-83) Witness stated that her bank was Citizen Bank on the transaction. (RR-v2-84) Witness was questioned about community funds. (RR-v2-85-) Witness that she has $162, 000 in saving when she married petitioner. (RR-v2-86) witness stated she had no knowledge of the amount of check husband received after his first wife death. (RR-v2-87) witness question about husband deposit of check in an account after wife death witness never seen item. (RR-v2-88-99) Witness stated she want to buy husband out of house. (RR-v2-92) Witness passed

**Cross Examination**

Witness stated she damages husband truck because he was having an affair. (RR-v2-95) Witness testified she caught Husband with girlfriend. (RR-v2-96) Witness stated that when she hit husband with iron he has lunged at her after argument about girlfriend. (RR-v2-97) Witness tracked husband for two week and knew he was at girlfriend house(RR-v2-99) Witness stated that husband had lawn service, but did money did not go in her account. (RR-v2-100) witness stated that she and husband have a lovely marriage but due to his infidelity and adultery it ended. (RR-v2-101 Witness testified about various arguments. (RR-v2-102-103)

**Redirect**

Witness testified that she makes about $65,000.00 a year. (RR-v2-104)

Witness question and response to her pay. (RR-v2-105-107)

Petitioner Rested (RR-v2-108) Respondent Rested (RR-v2-109)

## SUMMARY OF ARGUMENT
### ISSUE :1

Appellant tenders in summary the trial court abused its discretion by failing considered the testimony presented in this matter that first reflected that Respondent testified that all funds for the down payment on the community property home were proceeds taken directly from non- community saving , and that the Petitioner who was disable, receiving $1048 a month in disability with a lawn service that no income presented himself to the court as a victim while admitting under oath that he cheated on Appellant his paramour and that he clearly was a non-factor in accumulating any funds that grew the community however he was awarded on a theory of equitable distribution one half of the post sell equity that included $52,576.21 dollars of Respondent Separate Funds a factor that runs counter to all principles of equitable distribution of the community estate for a party who adulterous act and action cause the divorce in the case at hand. The

placing of Petitioner on the same footing as Respondent is a windfall for Petitioner and a reward for destroying the martial relationship.

## SUMMARY OF ARGUMENT

## ISSUE :2

Appellant tenders in summary that the trial court granting of an Ex Parte Turnover Order with Receiver under Sec. 31.002 of the Texas Civil Remedies and Practice Code, was an abuse of discretion based on the Final Decree in Appellant Divorce and constituted a violation of Appellant's Due Process Right of Notice under the 14th Amendment of the United States Constitution that produce the taking of her property and illegal imprisonment.

## ARGUMENT 1

**STANDARD OF REVIEW:** In a divorce proceeding, the trial court is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. TEX. FAM.CODE ANN. § 7.001 (Vernon Supp. 2006); _Boyd v. Boyd,_ 131 S.W.3d 605, 610 (Tex.App.-Fort Worth 2004, no pet.). Trial courts are afforded wide discretion in dividing marital property upon divorce; therefore, a trial court's property division may not be disturbed on appeal unless the complaining party demonstrates from evidence in the record that the division was

so unjust and unfair as to constitute an abuse of discretion. *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex.1985); *Boyd,* 131 S.W.3d at 610.

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). We must indulge every reasonable presumption in favor of the trial court's proper exercise of discretion in dividing marital property. *Boyd,* 131 S.W.3d at 610. Accordingly, we will reverse only if the record demonstrates that the trial court clearly abused its discretion, and the error materially affected the just and right division of the community estate.

In the case at hand the record reflects that Appellant possessed an ability to save Money. The record further reflects that at point prior to the divorce she had accumulated a total of $299,681.93, which the Court in it written decision noted. (See App.1) The record is also clear on the factor that the funds in the account as to all increases were associated with the acts and action of Appellant.  Appellant also note that all funds which were placed as the down payment on the community were her funds Appellant would acknowledge that the issue of community  property  as to the funds does come into place after marriage as to the funds placed  into her saving account however the record is clear that Appellee never placed funds into the account, that in the trial of this matter he presented himself as a victim and that on direct examination from his counsel. He admitted that he had been cheating on Appellant and that he thought that was a factor for his mistreatment by Appellant.

(RR-V2-31) Appellant in a similar vain stated in summary that she and Appellee has a good marriage before he started cheating on her. (RR-V2-101) The record also reflects that based on the use of a tracking device while Appellant a Mail Carrier was out working hard delivering the mail, Appellee a disabled individual with limited income and no saving skills was getting up daily as Appellant departed for work going to see his paramour. (RR-V2-99)

In Ohendalski v. Ohendalski, 203 SW 3d-Tex: Court of Appeals, 9Dist. 2006, the court noted that:

Generally, in a fault-based divorce, the court may consider the conduct of the errant spouse in making a disproportionate distribution of the marital estate. *Young,* 609 S.W.2d at 761-62. The grounds for a fault-based divorce specifically include cruelty and adultery. Tex. Fam.Code Ann. §§ 6.002-.003 (Vernon 2006). (Ohendalski at 915)

In the case at hand Appellee clearly unforced by his counsel admitted in summary that he felt that alleged violent acts and actions against him by Appellant were the byproducts of his cheating on Appellant. (RR-V2-p31)    Appellant admission and the entirety of the record including the tracking of Appellee to his paramour home by default placed this pending matter in a Fault Based Divorce which the record clearly reflects and would not have been a question for the trial court to see, the trial court however in an abuse of discretion gave the Appellee a windfall for breaking up the union between Appellant and Appellee. In connection with the position as stated Appellant prays that the matter be remanded by this Honorable

back to the trial to reassess the division of the $52,576.21 down payment as to the

parties upon the sell of the community property home.

## ARGUMENT 2

**<u>STANDARD OF REVIEW:</u>** In *Sivley v. Sivley v. The Hon. Richard Beacon*

*Judge of the 354th Judicial District Court of Rain County Texas Sitting A Probate*

*Court,* 972 S.W. 2d. 850 Crt. App.Texas Tyler, Texas (1998) the court stated that:

The granting of a turnover order is reviewed under an abuse of discretion standard. <u>*Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991)</u>; <u>*Dale v. Finance America Corp.,* 929 S.W.2d 495, 497 (Tex.App.—Fort Worth 1996, writ denied)</u>. A trial court may be reversed for abusing its discretion when the court acted in an unreasonable or arbitrary manner. <u>*Dale,* 929 860*860 S.W.2d at 497</u>. An abuse of discretion occurs when the trial court acts without reference to any guiding rules and principles. *Id.* Turnover orders are governed by Section 31.002 of the Texas Civil Practice and Remedies Code. That statute affords a judgment creditor aid from a court of appropriate jurisdiction to obtain satisfaction of a judgment if the judgment debtor owns property that cannot be readily attached or levied on by ordinary legal process, and is not exempt from attachment, execution or seizure. TEX.CIV. PRAC. & REM.CODE ANN. § 31.002(a) (Vernon 1997). It includes orders which the trial court enters to enforce an order that has been refused or disobeyed. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 31.002(c) (Vernon 1997).

The statute itself does not provide for notice or a hearing to be afforded a judgment debtor in a turnover proceeding. TEX.CIV. PRAC. & REM.CODE ANN. § 31.002 (Vernon 1997). *See* <u>*Ex parte Johnson,* 654 S.W.2d 415, 418 (Tex.1983)</u> (although judgment debtor received notice and his attorney appeared at the hearing, the court in dicta observed that the statute allows ex parte entry of the order without notice and hearing); <u>*Ross v. 3D Tower Ltd.,* 824 S.W.2d 270, 272 (Tex. App.—Houston [14th Dist.] 1992, writ denied)</u> (notice and opportunity to be heard was afforded judgment debtor; however, in dicta, the court found that notice or opportunity to be heard was not required by the statute).

The question before us, however, is whether the trial court's failure to provide prior notice and a hearing before the issuance of the turnover order under Section 31.002 violated Don, Jr.'s constitutional rights to due process and trial by jury even though the turnover statute does not require it. Due process of law requires that an individual is entitled to notice and hearing before he is deprived of a property right. U.S. Const. amend. XIV; Tex.Const. art. I, § 19. The issue of whether post-judgment collection proceedings compromised constitutional due process principles was addressed by the Supreme Court of the United States in *Endicott-Johnson Corporation v. Encyclopedia Press,* 266 U.S. 285, 288-290, 45 S.Ct. 61, 69 L.Ed. 288 (1924). In *Endicott-Johnson,* the judgment debtor contended that a New York statute conflicted with the constitutional due process clause because it authorized the issuance of a garnishment execution without giving notice to the judgment debtor or affording him a hearing. In holding that due process was not violated, the court reasoned as follows:

... the established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment. Thus, in the absence of a statutory requirement, it is not essential that he be given notice before the issuance of an execution against his tangible property; after the rendition of the judgment he must take "notice of what will follow," no further notice being "necessary to advance justice."

*Endicott-Johnson Corporation,* 45 S.Ct. at 62-63.

Texas courts have adopted the analysis of *Endicott-Johnson* in upholding the constitutionality of various post-judgment proceedings. In *Ex parte Johnson,* the Texas Supreme Court acknowledged that the appellant had been given notice of the hearing, but gave credence to the analysis and holding in *Endicott-Johnson* by noting in a footnote that the judgment debtor was "not unfairly surprised" by the court's turnover order. Citing *Endicott-Johnson,* the court stated that "the judgment rendered against Johnson ... put him on notice that postjudgment collection proceedings would follow." *Ex parte Johnson,* 654 S.W.2d at 418. In *Pitts v. Dallas Nurseries Garden Ctr., Inc.,* 545 S.W.2d 34, 37 (Tex.Civ. App.— Texarkana 1976, no writ),* a postjudgment garnishment proceeding, the appellant challenged the constitutionality of the garnishment process. Citing *Endicott-Johnson,* the Texarkana court of appeals rejected this challenge, stating that "after the rendition of a valid final judgment, the defendant must take notice of what will follow." *Pitts,* 545 S.W.2d at 37. In *Merritt 861*861 v. Harris County,* 775 S.W.2d

10

17, 21 (Tex. App.—Houston [14th Dist.] 1989, writ denied), the appellant challenged the constitutionality of an eviction proceeding issued pursuant to a forcible entry and detainer action. The court held that due process was not violative because the judgment "afforded appellants with notice that post-judgment proceedings would follow." *Merritt,*775 S.W.2d at 21, citing *Endicott-Johnson* and *Ex parte Johnson. (Sivley at 860-8860)*

Appellant would note before moving forwarding that the cited Standard of Review coupled would the expanded discuss Appellant Issue is without merit however Appellant tenders to the Honorable that a review of the Final Decree in the case at would not lead the Appellant to believe that:

"the judgment "afforded appellants with notice that post-judgment proceedings would follow" In the case the following timeline is reflected in the Record:

1.  Final Decree Signed on January 2, 2018 (CR-p 118 )

2.  § 31.002 Turnover /Receiver Motion filed on January 8, 2018 (CR-p 130-140)

3.  Order to Distribute Funds and Cover  Signed March 22, 2018 (CR-p)

It is the position of Appellant that she did not have notice that post-judgment proceeding would follow based on the excerpts below from the Final Divorce Decree signed on January 2, 2018 by the Trial Court:(CR-p )

1.   THEREFORE, in consideration of the judgment amounts set forth above, the Court grants a collective judgment in the total amount of seventy-two thousand two hundred seventy-seven dollars and sixty-six cents ($72,277.66) representing the sums set forth above. For a just and right division of property made in this decree, IT IS

11

FURTHER ORDERED AND DECREED that Petitioner, Herman Tyeskie, is awarded judgment of seventy-two thousand two hundred seventy-seven dollars and sixty-six cents ($72,277.66) against Respondent, Inger Tyeskie, as and for Petitioner's community interest in property, **payable in accordance with the terms of the closing documents ordered in this decree to be executed by Respondent, bearing interest at the rate of 6 percent per year compounded annually from the date of judgment, for which let execution issue.** This judgment is part of the division of community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support.  (CR-p 124)

2. Respondent, **INGER TYESKIE, is ORDERED to sign a vendor's lien note in the amount of $72,277.66 payable to Petitioner, HERMAN TYESKIE. The note shall bear interest at the rate of 6 percent per year, compounded annually. It is to be payable according to the following terms: on demand; or if not on demand, on or before 60 days from the date of signing of this Final Decree of Divorce**. (CR-p 125)

*3. Transfer and Delivery of Property*
IT IS ORDERED that Inger Tyeskie shall deliver the following property to Herman **Tyeskie on or before fifteen (15) days after the signing of this Decree:**
**1. Promissory note for the judgment in the amount of seventy-two thousand two hundred seventy-seven dollars and sixty-six cents ($72,277.66) attached hereto; and**
**2. Security Agreement attached hereto.**  (CR-p 126)

As to what was to what follow the Judgment the "**Bold Items Above"** is what was

Ordered by the trial court to follows, however what followed was:

1. No Promissory Note is Found Attached to the Final Decree in the Clerk's Record.

2. Counsel for Appellee Filed 30.002 Turnover/Receiver Motion on January 8, 2018 at a point in time that prior to the 15-day demand made on Appellant for the non-provide document or any due date on a Promissory Note or Signed Security Agreement. (CR-p 130-140)

3. The trial court signed 31.002 Turner/Receiver Order on January 19, 2018.

(Cr-p 149-153)

In keeping the above the Final Decree was an Attachment to the § 31.002 Turnover /Receiver Motion filed on January 8, 2018. Appellant tenders to the Honorable Court that the conduct of the trial court was a violation of Appellant's 14th Amendment Due Process Right which resulted in of her property being taken in an Order dated March 22, 2018, which included a $21,773.64 to a Receiver. (CR-p 215-16) The acts and actions violated the trial court's Final Decree a clear abuse of discretion which also lead to Appellant being Jailed for multiple weekends for Contempt based on a Motion filed by the Receiver. (CR-p 203-206) In keeping with the abuse under this issue Appellant prays that the pending matter be remanded to trial to make Appellant whole as it relates to the Violation of 14th Amendment Right which produced the taking of her funds and illegal imprisonment.

## CONCLUSION

Appellant pray that upon review by this Honorable Court, the ruling of the trial court be reversed and this matter Remand to the trial court to correct the errors noted .

*/s/ William T. Hughey*
**Counselors for Appellant**

13

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a true and correct copy of the foregoing Appellant's Brief was served via E-Serve on all Attorney of Record.

*/s/ William T. Hughey*

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies the contents of this brief comply with the Tex .R. App. P. 9.4(i)(3). The number of words in this brief, as calculated by MSWord Count and excluding portions as provided by Tex. R. App. P 9.4(i)(1) is 3486.

*/s/ William T. Hughey*

.

# APPENDIX

## 1.  FINAL DECREE

Electronically Submitted
1/2/2018 10:29 AM
Gregg County District Clerk
By: Elisha Calhoon ,deputy

NO. <u>2015-1636-DR</u>

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| HERMAN TYESKIE | § | 307TH JUDICIAL DISTRICT |
| AND | § | |
| INGER TYESKIE | § | GREGG COUNTY, TEXAS |

**FINAL DECREE OF DIVORCE**

On August 8, 2017 the Court heard this case.

*Appearances*

Petitioner, Herman Tyeskie, appeared in person and through attorney of record, Myla G. Mayberry, and announced ready for trial.

Respondent, Inger Tyeskie, appeared in person and through attorney of record, Kim Cole, and announced ready for trial.

*Record*

The record of testimony was duly reported by the court reporter for the 307th Judicial District Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Divorce*

IT IS ORDERED AND DECREED that Herman Tyeskie, Petitioner, and Inger Tyeskie,

**Page 1 of 12**

**118**

Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

### *Child of the Marriage*

The Court finds that there is no child of the marriage of Petitioner and Respondent and that none is expected.

### *Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party.

<u>Property to Petitioner</u>

IT IS ORDERED AND DECREED that Petitioner, Herman Tyeskie, is awarded the following as his sole and separate property, and Respondent, Inger Tyeskie, is divested of all right, title, interest, and claim in and to that property:

P-1.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of Petitioner or subject to his sole control including the items awarded to Petitioner on Exhibit "A" attached hereto.

P-2.    All clothing, jewelry, and other personal effects in the possession of Petitioner or subject to his sole control.

P-3.    All sums of cash in the possession of Petitioner or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in Petitioner's sole name or from which Petitioner has the sole right to withdraw funds or which are subject to Petitioner's sole control.

P-4.    All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of Petitioner's past, present, or future employment.

P-5.    Fifty percent (50%) of the sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the Respondent's past or present employment with the United States Postal Service, as of the

date of divorce.

P-6.     All policies of life insurance (including cash values) insuring Petitioner's life.

P-7.     The 2014 Chevrolet Silverado motor vehicle, vehicle identification number 1GCRCRECOEZ313347, together with all prepaid insurance, keys, and title documents.

P-8.     The sum of sixty-eight thousand seven hundred fifty-two dollars and sixty-six cents ($68,752.66) representing Petitioner's fifty percent (50%) of the community interest in the savings account #5016657 at Citizen's Bank, Longview, Texas that was fraudulently removed by Respondent, Inger Tyeskie, for which Petitioner, Herman Tyeskie is awarded a money judgment described herein.

P-9.     The sum of one hundred seventy-five dollars ($175.00) for reimbursement of Petitioner's ambulance bill for injuries caused by Respondent.

P-10.   The sum of two-thousand seven hundred fifty dollars ($2,750.00) for repairs to Petitioner's truck for damages caused by Respondent.

P-11.   The sum of six hundred dollars ($600.00) for Respondent failing to return Petitioner's handguns.

Property to Respondent

IT IS ORDERED AND DECREED that Respondent, Inger Tyeskie, is awarded the following as her sole and separate property, and Petitioner, Herman Tyeskie, is divested of all right, title, interest, and claim in and to that property:

R-1.     All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of Respondent or subject to her sole control, save and except the items awarded to Petitioner set out on Exhibit "A" attached hereto.

R-2.     All clothing, jewelry, and other personal effects in the possession of Respondent or subject to her sole control.

R-3.     All sums of cash in the possession of Respondent or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in Respondent's sole name or from which Respondent has the sole right to withdraw funds or which are subject to Respondent's sole control, SAVE AND EXCEPT the amount of $72,277.66 representing a money judgment in favor of Petitioner, Herman Tyeskie, more fully described herein.

R-4.     The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights

related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the Respondent's past, present, or future employment, SAVE AND EXCEPT as otherwise awarded to the Petitioner herein.

R-5. All policies of life insurance (including cash values) insuring Respondent's life.

R-6. The 2003 Honda CRV motor vehicle, vehicle identification number _____, together with all prepaid insurance, keys, and title documents.

R-7. The 2011 Honda CRV motor vehicle, vehicle identification number _____, together with all prepaid insurance, keys, and title documents.

Division of Debt

Debts to Petitioner

IT IS ORDERED AND DECREED that Petitioner, Herman Tyeskie, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold Respondent, Inger Tyeskie, and her property harmless from any failure to so discharge, these items:

P-1. The balance due, including principal, interest, and all other charges, on the promissory note payable to BBVA Compass Bank and given as part of the purchase price of and secured by a lien on the 2014 Chevrolet Silverado motor vehicle awarded to Petitioner.

P-2. All debts, charges, liabilities, and other obligations incurred solely by the Petitioner's name and by the Petitioner at any time since the date of the parties marriage.

Debts to Respondent

IT IS ORDERED AND DECREED that Respondent, Inger Tyeskie, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold Petitioner, Herman Tyeskie, and his property harmless from any failure to so discharge, these items:

R-1. The balance due, including principal, interest, and all other charges, on the promissory note payable to _____ and given as part of the purchase price of and secured by a lien on the 2003 Honda CRV motor vehicle awarded to Respondent.

R-2. The balance due, including principal, interest, and all other charges, on the promissory note payable to _____ and given as part of the purchase price of and secured by a lien on the 2011 Honda CRV motor vehicle awarded to Respondent.

R-3. All debts, charges, liabilities, and other obligations incurred solely by the Respondent's name and by the Respondent at any time since the date of the parties

marriage.

R-4. The sum of sixty-eight thousand seven hundred fifty-two dollars and sixty-six cents ($68,752.66) payable to Petitioner representing Petitioner's one-half (1/2) community interest in the Citizen's Bank account #5016657.

R-5. The sum of one hundred seventy-five dollars ($175.00) payable to Petitioner for reimbursement of Petitioner's ambulance bill for injuries caused by Respondent.

R-6. The sum of two-thousand seven hundred fifty dollars ($2,750.00) payable to Petitioner for repairs to Petitioner's truck for damages caused by Respondent.

R-7. The sum of six hundred dollars ($600.00) payable to Petitioner for Respondent failing to return Petitioner's handguns.

Notice

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

**Provisions Dealing with Sale of Residence**

IT IS FURTHER ORDERED AND DECREED that the property and all improvements located thereon at lot 13, Hollow Creek Addition, according to the map, plat, or deed records of Gregg County, Texas, and more commonly known as 295 Carra Street, Gladewater, Gregg County, Texas, shall immediately be placed on the market for sale. IT IS ORDERED that the property be sold under the following terms and conditions:

1. IT IS ORDERED that the parties shall immediately list the property with Kim Murray, Platinum Properties Real Estate, 923 W. Loop 281, Longview, Texas; 903.746.7287.

2. IT IS ORDERED that the property shall be sold for a price that is mutually agreeable to Petitioner and Respondent. If Petitioner and Respondent are unable to agree on a sales price at which to list the property for sale, the property shall be sold at a price and under terms and conditions determined by the Realtor.

3. IT IS ORDERED that Respondent shall timely make all payments of principal, interest, taxes, and insurance on the property until the property is sold. Respondent shall have the exclusive right to enjoy the use and possession of the premises until closing. IT IS ORDERED that Respondent shall continuously maintain insurance on the property until it is sold. IT IS ORDERED that all maintenance and repairs necessary to keep the property in its present condition shall be paid by Respondent. Respondent IS ORDERED to maintain the residence and yard in a condition appropriate to be shown to potential buyers. IT IS

ORDERED that any failure to comply with this order could result in the Court removing Respondent from the residence while it is on the market.

4.     IT IS ORDERED that the net sales proceeds (defined as the gross sales price less cost of sale and full payment of any mortgage indebtedness or liens on the property) shall be distributed as follows: 50% to Petitioner, 50% to Respondent, provided Respondent has fully satisfied the money judgment totaling $68,752.66 herein described representing one-half (1/2) of the value of the community property interest in Citizen's Bank account #5016657 before Respondent disbursed 100% of the funds in said account, resulting in Respondent's improper disposal of community assets.  IT IS ORDERED that in the event Respondent has not paid Petitioner the full amount of the judgment, then the proceeds, to the extent available to satisfy the judgment shall be paid to Petitioner.

Judgment to Equalize Division

For the purpose of a just and right division of property made in this decree, IT IS FURTHER ORDERED AND DECREED that Petitioner, Herman Tyeskie, is awarded judgment of sixty-eight thousand seven hundred fifty-two dollars and sixty-six cents ($68,752.66) against Respondent, Inger Tyeskie, as and for Petitioner's community interest in the savings account #5016657 at Citizen's Bank, payable in accordance with the terms of the closing documents ordered in this decree to be executed by Respondent, bearing interest at the rate of 6 percent per year compounded annually from the date of judgment, for which let execution issue.

This judgment is part of the division of community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support.

For the purpose of a just and right division of property made in this decree, IT IS FURTHER ORDERED AND DECREED that Petitioner, Herman Tyeskie, is awarded judgment of one hundred seventy-five dollars ($175.00) against Respondent, Inger Tyeskie for reimbursement of the ambulance bill, payable in accordance with the terms of the closing documents ordered in this decree to be executed by Respondent, bearing interest at the rate of 6 percent per year compounded annually from the date of judgment, for which let execution issue.

This judgment is part of the division of community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support.

For the purpose of a just and right division of property made in this decree, IT IS FURTHER ORDERED AND DECREED that Petitioner, Herman Tyeskie, is awarded judgment of two-thousand seven hundred fifty dollars ($2,750.00) against Respondent, Inger Tyeskie, for repairs to Petitioner's truck for damages, payable in accordance with the terms of the closing documents ordered in this decree to be executed by Respondent, bearing

interest at the rate of 6 percent per year compounded annually from the date of judgment, for which let execution issue.

This judgment is part of the division of community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support.

For the purpose of a just and right division of property made in this decree, IT IS FURTHER ORDERED AND DECREED that Petitioner, Herman Tyeskie, is awarded judgment of sum of six hundred dollars ($600.00) against Respondent, Inger Tyeskie, for the value of Petitioner's handguns, payable in accordance with the terms of the closing documents ordered in this decree to be executed by Respondent, bearing interest at the rate of 6 percent per year compounded annually from the date of judgment, for which let execution issue.

This judgment is part of the division of community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support.

THEREFORE, in consideration of the judgment amounts set forth above, the Court grants a collective judgment in the total amount of seventy-two thousand two hundred seventy-seven dollars and sixty-six cents ($72,277.66) representing the sums set forth above. For the purpose of a just and right division of property made in this decree, IT IS FURTHER ORDERED AND DECREED that Petitioner, Herman Tyeskie, is awarded judgment of seventy-two thousand two hundred seventy-seven dollars and sixty-six cents ($72,277.66) against Respondent, Inger Tyeskie, as and for Petitioner's community interest in property, payable in accordance with the terms of the closing documents ordered in this decree to be executed by Respondent, bearing interest at the rate of 6 percent per year compounded annually from the date of judgment, for which let execution issue.

This judgment is part of the division of community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support.

<u>Lien</u>

The Court finds that this decree is a partition of the community property of the parties. Because of the nature of the properties making up the estate, the property cannot be divided in a just and right manner without impairing the value of all portions. A vendor's lien note in the amount of $72,277.66 is necessary to make a just and right partition of the property.

IT IS ORDERED AND DECREED that an equitable lien is created against the following properties:
   a. 501 Peterson Road, Kilgore, Rusk County, Texas; more particularly described as

follows:  LT14, BLK 10 Oakcrest, Kilgore, Rusk County, Texas.

b.  295 Carra Street, Gladewater, Gregg County, Texas, more particularly described as follows:   LOT 13, Hollow Creek Addition

c.  Respondent's portion of the Thrift Savings Plan with the U. S. Postal Service held in the name of Respondent, Inger Tyeskie;

d.  Any financial accounts in the name of Respondent, Inger Tyeskie, or accounts held for her benefit; and

e.  Any other assets owned by Respondent, Inger Tyeskie, or assets held for her benefit.

This lien is in the nature of a purchase-money lien.  The property described above is a part of this partition order.  The entire interest in the property described above is subject to the lien.

Respondent, INGER TYESKIE, is ORDERED to sign a vendor's lien note in the amount of $72,277.66 payable to Petitioner, HERMAN TYESKIE.  The note shall bear interest at the rate of 6 percent per year, compounded annually.  It is to be payable according to the following terms:  on demand; or if not on demand, on or before 60 days from the date of signing of this Final Decree of Divorce.

Attorney's Fees

The Court finds that Herman Tyeskie has incurred $5,000.00 as reasonable attorney's fees, expenses, and costs, which were necessary as support for Herman Tyeskie. IT IS ORDERED that good cause exists to award Myla G. Mayberry a judgment in the amount of $5,000.00 for attorney's fees, expenses, and costs, with interest at 6 percent per year compounded annually from the date this Final Decree of Divorce is signed until paid. The judgment, for which let execution issue, is awarded against Inger Tyeskie, and Inger Tyeskie is ORDERED to pay the fees, expenses, costs, and interest to Myla G. Mayberry at 408 E. Whaley Street, Longview, TX 75601 by cash, cashier's check, or money order on or before 5:00 p.m. on December 31, 2017.  Myla G. Mayberry may enforce this judgment for fees, expenses, and costs in the attorney's own name by any means available for the enforcement of a judgment for debt.

Treatment/Allocation of Community Income for Year of Divorce

IT IS ORDERED AND DECREED that, for the calendar year 2017, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

IT IS ORDERED AND DECREED that for calendar year 2017, each party shall indemnify and hold the other party and the other party's property harmless from any tax

liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall furnish such information to the other party as is requested to prepare federal income tax returns for 2017 within thirty days of receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2018.  As requested information becomes available after that date, it shall be provided within ten days of receipt.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

Confirmation of Separate Property

IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of Herman Tyeskie:  2002 Buick Park Avenue, 1991 Lincoln Towne Car, 1990 Chevrolet Truck, Zero turn lawn mower, and 414 Gay Avenue, Gladewater, Texas. (LT 7 & 8 BLK 1 STOKES, Gladewater, Gregg County, Texas).

IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of Inger Tyeskie:  501 Peterson Road, Kilgore, Texas. (LT14, BLK 10 Oakcrest, Kilgore, Rusk County, Texas).

*Transfer and Delivery of Property*

IT IS ORDERED that Inger Tyeskie shall deliver the following property to Herman Tyeskie on or before fifteen (15) days after the signing of this Decree:

1.	Promissory note for the judgment in the amount of seventy-two thousand two hundred seventy-seven dollars and sixty-six cents ($72,277.66) attached hereto; and

2.	Security Agreement  attached hereto.

*Change of Respondent's Name*

IT IS ORDERED AND DECREED that Inger Tyeskie's name is changed to Inger Hall.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

### Resolution of Temporary Orders

IT IS ORDERED AND DECREED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary order of this Court rendered on November 12, 2015.

### Discharge from Discovery Retention Requirement

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

### Indemnification

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at that other party's sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

### Clarifying Orders

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied.  This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue.  This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

SIGNED on _____1/2/2018 10:28 AM_____.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

Law Office of Myla G. Mayberry
408 E. Whaley Street
LONGVIEW, TX 75601
Tel: (903) 758-6800
Fax: (903) 758-6812

_____
Myla G. Mayberry
Attorney for Petitioner
State Bar No. 13272625
nikki_eastwood@msn.com

K. Cole Law, PLLC
2770 Main Street, Suite 103
Frisco, Texas 75033
Tel: (214) 702-2551
Fax: (972) 947-3834

_____
Kim Cole
Attorney for Respondent
State Bar No. 24071024
kcole@kcolelaw.com

**EXHIBIT "A"**

Personal Property awarded to Petitioner, Herman Tyeskie:

back patio furniture

weedeater electric blower

Echo weedeater

Arisals 54" mower

Stihl backpack blower

**129**